cat / div 1983 Bivay Dams
Case # 08-22961
Judge Cooke   Mag PAW
Motn Ifp NO   Fee pd $ NO
Receipt # _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

VICTOR M. TORRES,
       Plaintiff,

v.

GARY CASTEEL, P.A.,
JORE PASTRANA, WARDEN,
HARLEY G. LAPPIN, DIRECTOR FBOP,
UNITED STATES OF AMERICA,
       Defendants, et al.

)
)
)
)
)
)
)
)
)
)
)
)

CIVIL ACTION NO: _____
CIVIL RIGHTS COMPLAINT
PURSUANT TO 28 U.S.C. § 1331,
8th U.S.C.A., 18 U.S.C. § 2340
5th U.S.C.A.
DEMAND FOR JURY TRIAL

**CIV - COOKE**

MAGISTRATE JUDGE
WHITE

COMES NOW, federal inmate Victor M. Torres #44304-004, pro se, to this Honorable Court, with Civil Rights Violations, pursuant to 28 U.S.C. § 1331 Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Eighth United States Constitutional Amendment, Cruel and Unusual Punishment.

Plaintiff provides Court exhausted Administrative Remedy No. 457658-A1.

Defendants are sued in their individual and official capacities as federal employees.

<u>JURISDICTION</u>

**08-22961**

A. <u>PARTIES</u> - Plaintiff

Complaint alleges that the civil rights of Plaintiff, Victor M. Torres #44304-004, who resently resides at the Federal Correctional Institution, 1900 Simler Avenue, Big Spring, Texas 79720, were violated by defendant parties named below. Their actions were directed against Plaintiff at FCI Miami, P.O. Box 779800, Miami, Florida 33177, FCI Miami, 15801 S.W. 137th Avenue, Miami, Florida 33177.

DEFENDANTS, et al.

1. Defendant Gary Casteel, Physician's Assistant, works at the federal

FILED by ASB D.C.

OCT 2 4 2008

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

1.

Correctional Institution at 15801 S.W. 137th Avenue, Miami, Florida 33177 and is employed as a P.A., in Health Services, acting under Color of Law.

2. Defendant Jorge Pastrana, Warden, works at the Federal Correctional Institution at 15801 S.W. 137th Avenue, Miami, Florida, 33177 and is employed as a Warden of the facility acting under Color of Law.

3. Defendant Harley G. Lappin, Director of the Federal Bureau of Prisons, works at Central Office, Bureau of Prisons, 320 First Street N.W., Room 654, Washington D.C. 20534 and is employed as Director of the Federal Bureau of Prisons acting under Color of Law.

4. Defendant United States of America.

Interested Hostile Parties under 18 U.S.C. § 2340 Conspiracy to Torture are:

1. Juan R. Montserrate, Medical Doctor Supervisor employed at FCI Miami.

2. DE-Jesus, Psychologist, employed at FCI Miami.

3. Feliciano, Administrator of Health, employed at FCI Miami.

4. Ms. Bonet, Director of Health Department, employed at FCI Miami.

5. Mr. Bradley, Inmate's Unit Manager, employed at FCI Miami.

6. K. Vaughn, Duty Lieutenant, employed at FCI Miami.

7. Tim Byrne, Captain, employed at FCI Miami.

8. Rob Wilson, Assistant Warden, employed at FCI Miami. And;

9. William Orama, SIS Officer, employed at FCI Miami.

Interested Parties For the Plaintiff - "Witnesses". Plaintiff Mailed Copies of Affidavit of INcident to These Parties Listed Below:

F.B.I.
16320 N.W. 2nd Avenue
Miami, FL 33120

Department of Justice
FOI/PA Criminal Division
Washington, D.C. 20530

Department of Justice
Office of Inspector General
950 Pennsylvania Avenue, Room 4322
Washington, D.C. 20530

United States Senate
Honorable Senator Bill Nelson
SH-716 Hart Office Senate Bldg.
Washington, D.C. 20510-0904

American Civil Liberties Union of Florida
4500 Biscayne Boulevard
Miami, FL 33137-3227

Judicial Watch C/O
Mr. Larry Klayman
Chairman and General Counsel
100 S.E. 2nd Street
Miami, FL 33120

United States District Court
Hon. Judge Jose A. Gonzalez, Jr.
Southern District of Florida
299 W. Broward Blvd., Room 205-D
Fort Lauderdale, FL 33301

Novemenber Coalition Foundation
282 West Astor
Colville, WA 99114

U.S. Attorney
99 N.W. 4th Street
Miami, FL 33132

Prison Legal News
2400 N.W. 80th Street #148
Seattle, WA 98117-4449

Mario Diaz Balart
25th District
12851 S.W. 42nd Street, Suite 131
Miami, FL 33175
Tel. (305) 225-6866

Lincoln Diaz Balart
21st District
8525 N.W. 53rd Terrace, Suite 102
Miami, FL 33166
Tel. (305) 470-8555

CLAIM I

Violent Sexual Assault by Medical Office and the Deliberate Indifference to Medical Needs With the Malicious Intent to Harm

Plaintiff Torres brings to this Court an Eighth Amendment Cruel and Unusual Punishment claim against defendants for the violent sexual assault by a Medical Officer, G. Casteel P.A., who acted under Color of Law and other defendants who turned a blind eye, ignored policy and accepted the violent intentional assault in such a conspiring manner that this unisolated incident remains part of their policy. Such a malicious intentional assault is broadly defined as a deliberate act that causes harm to another. The trust society bestows on medical agents shall be reaffirmed if justice is to prevail in this instant case.

Administrative Remedy #457658-A1 - See Exhibit. 1.
Victor M. Torres, Register Number 44304-004, FCI Miami

Officer G. Casteel P.A. repeatedly penetrated forcefully and viciously with his finger in my anus with intent to abuse, humiliate, harass and degrade me asking me, "DO YOU LIKE IT VICTOR? DO YOU LIKE IT?" on the 26th day of Feb. 2007.

I requested that the PROPER authorities (U.S. Attorneys, F.B.I., etc. are notified in order to state in detail the entire incident, to inform them of other (inmates) who have been sexually abused in the same way by Officer G. Casteel. This is not an isolated incident.  In short, my request was/is that the proper authorities press charges against Officer G. Casteel for sexual abuse.

Administrative Remedy #457658-A1, November 9, 2007, Part B Response (from) Harrell Watts, Administrator National Inmate Appeals - See Exhibit. 1.
Victor M. Torres, Register Number 44304-004

This is in response to your Central Office Administrative Remedy Appeal in which you allege that on February 26, 2007, you were sexually abused by an FCI Miami staff member.  You request to be provided with all relevant information concerning your complaint.

Staff conduct is government by BOP Program Statement 3420.09 Standards of Employee Conduct.  The BOP takes allegations of staff misconduct seriously. You have been informed that your allegations were referred for investigation to the appropriate authorities.  Inmates have no entitlement to the outcome or disposition of an investigation into staff misconduct.  We concur with the responses provided and find them appropriate.

This response is provided for informational purposes only.

State of Florida, County of Dade, Affidavit of Victor M. Torres (which accompanied Administrative Remedy #457658-A1): See Exhibit. 2.

I, Victor M. Torres, being first duly sworn, hereby state that the information contained in the following paragraphs is true and correct.

## FCI Miami, February 19, 2007

This is a recount of the facts that happened on day 19 of February, 2007. I noticed in my feces an amount of blood that was increasing on a daily basis, which on Friday February 23, I saw a great amount of blood and I was frightened.

Immediately I asked an inmate from the unit, called Otto Valdez to help me as translator with Officer A. Harris, which was in the unit.

Once the officer saw the situation, he immediately called P.A. Garcia. He told the officer, he was sending me to him, I immediately went. When I arrived to P.A. Garcia, I asked him what was my situation? Why was I bleeding so much and his answer to me was to attend sick call the following Monday. I told him I was bleeding too much and he said there was nothing he could do. I returned to the unit and Officer Harris asked me what had happened? I related the same answer that P.A. Garcia had said, "To wait until Monday 26, February and go to sick call." Officer Harris told me to notify the Lieutenant but I did not.

On February 24, I kept bleeding the same as on February 23. The following day February 25, I noticed that the bleeding was too much and immediately I decided to talk to Officer Mendez, she spoke both languages, English and Spanish. I told her I was bleeding too much from my anus and I had few days already bleeding. Immediately she called P.A. Maria LaHorra, and the officer told me that P.A. LaHorra said I must go to sick call on Monday 26 of February.  Officer Mendez told me that she as an officer had complied with calling the P.A. and that she cannot do anything more. On Monday, February 26, at 6:30 am, I went to sick call. I was the first in line, because the bleeding was so much. The P.A. who attended me was Ms. Rivas.  I explained to her my situation that had been happening with me and she gave me a medical appointment for the same day at 9:00 a.m.

### The Return

At 9:00 am when I returned to the hospital, P.A. Casteel was on duty. With me was inmate Alexander Garay who speaks both languages, English and Spanish. I told him everything that had happened to me, and I asked him a favor to translate

5.

for me because P.A. Casteel was going from the sick call area to the hospital area. Inmate Garay asked P.A. Casteel to please attend to me and explained to him about my bleeding. P.A. Casteel's answer was, "If he needs help, to help himself by calling the government, I am going to attend to a few people, and everybody else is going to have a new medical appointment."

Right at that moment, Officer Irrizary was passing by and we commented to him the situation and he told me to talk with the Duty Officer, or the Lieutenant. We did that. I went to talk to Lieutenant McField, who was coming from the kitchen area to the Lieutenant's Office, at that time, inmate Garay explained to him my situation. Immediately he called P.A. Casteel and he sent me back to P.A. Casteel.

When we got there, P.A. Casteel asked us for our I.D. card and he told us that we were out of bounds. Then inmate Garay went back to the Lieutenant's Office to explain to him the problem, and I went out and sat on the wall where the people make sick call.

About three minutes later, P.A. Casteel told me to follow him into the emergency room. When we got in, he closed the door, and he started insulting me, telling me I was a lying Jewish preacher that spoke no truth but lies. That I was the devil. After he had verbally humiliated me, he ordered me to pull down my pants and underwear. I saw him take a little bag, open it and placed it on top of the counter. I saw him put on some gloves, he ordered me to bend over and he penetrated one of his fingers very hard in my anus, moving and turning his finger, right at that moment I complained to him and I removed his hand because it was too painful for me to hold it. I saw his glove was full of blood and he laughed at it and threw it into the trash can. Then I saw him with another glove and I asked him what are you doing Doctor? He ordered me again to bend

6.

over and I did. He then penetrated his finger again and this time it was more

painful than before.  I felt that he was hurting me, I removed his hand from

me and I asked him again, what are you doing Doctor?  I saw his glove was full

of blood again. Then he removed it from his hand and threw it into the trash

can.    Then I saw him with another glove and he told me to bend over.  I followed

his order even though I was in pain. I bent over again, this time he stuck his

finger in so hard that I could not hold it and I had to remove his hand again.

I asked him why was he doing this to me? That this was not right.  His answer

was, "DO YOU LIKE IT VICTOR?  DO YOU LIKE IT VICTOR?"  Then he told me to put

on my pants and to wait outside.  After that he went to look for Dr. Monserrate

and told me to follow him and took me into a cell at 9:30 am.  At 3:50 pm they

took me to an outside hospital without having eaten all day.

On February 26, 2007, at 4:44 pm, I was at the hospital until February 28,

2007.  On February 28, I was brought back to prison at night.  When I arrived to

prison, P.A. Garcia ordered a medical idle for me on Thursday the 1st and Friday

the 2nd of March, 2007.  I was feeling a lot of pain and also dizzy. I also

started telling prison authorities about what happened with P.A. Casteel, in which

I was a victim of sexual abuse, also authority abuse by P.A. Casteel.

On the 19th day of March, 2007, at 3:55 pm, I was called by Officer Mendez

which she ordered me to present myself to the Lieutenant's Office.  When I

arrived I was asked if I could speak English, which my response was no.  Five

minutes later I was taken to the Psychology Office where I was personally inter-

viewed by Dr. DE-Jesus, which I related all my events that happened with P.A.

Casteel.

During the interview with Dr. DE-Jesus, she told me P.A. Casteel could

do what he did three times, because he is a Doctor.  I responded that wasn't

the way a doctor would have done it; and the comment that P.A. Casteel said

to me, "DO YOU LIKE IT VICTOR?  DO YOU LIKE IT VICTOR?"  The Doctor's answer was that there was no camera and it was my word against his.  And they were going to believe him because he was a doctor and since he is a staff of the institution.  It was possible to be put in confinement.  It was a possibility that it could happen.  I responded I am the victim and for speaking the truth they would put someone in confinement.  In the units there are posted notices for when someone is sexually abused, to inform the authorities of the institution.  That's what I did.

Lieutenant Boom told me that he was going to lock my medical files for the days of February 26, 27 and 28, 2007.  To have them as evidence in case of another incident similar with other inmates.  The Lieutenant insisted for me to leave everything like it was and don't do anything and remain silent.

I notified the Lieutenant that the same thing that happened to me with P.A. Casteel had already happened with other inmates.  Lieutenant Rodriguez already knew once I told him what had happened, he told me that Casteel does that with the purpose to avoid inmates to visit the medic too often.  Some inmates know and no one does anything about it. In that moment, Dr. DE-Jesus spoke to Lieutenant Boom in English and asked me to step out of the office for a moment. I stepped outside and waited on the benches in front of the building of Psychology.

At this moment, Mr. Bradley the manager of G-Unit passed by and asked me why I was sitting there.  My response to him was because I was with Lieutenant Boom and Dr. DE-Jesus, it was 4:10 pm.  Later, at approximately 4:20 pm, I was called to Psychology and they told me to remain quiet and don't tell anyone and there would be no further action against me.  I asked them to write in their own words and give it to me, but they didn't want to.

State of Florida, County of Dade, Affidavit of Victor M. Torres, March 24, 2007 (which accompanied Administrative Remedy #457658-A1): See Exhibit. 3.

I, Victor M. Torres, being duly sworn, hereby state that the information contained in the following paragraphs is true and correct.

On this same date at 12:10 pm, I heard by a loud speaker, Victor Torres must present himself to G-Unit.

When I arrived to the unit, Officer Cunningham told me that I must present msyelf to the Lieutenant. When I presented myself to the Lieutenant I told him I was Victor Torres, and what do you need me for? He told me that he was not the one who called me and that he didn't know who did, maybe it could be the yard officer. When we were talking Officer William Orama from S.I.S. told me that he wanted to talk to me, and to follow him. We went into an office to the right hand of the Lieutenant's Office. Then he told me he didn't have any tape recorder or microphone, and he wanted to ask about what already had happened with P.A. Casteel. That's no problem because I was ready to tell him everything that had happened.

We started the interview at 12:30 pm until 3:20 pm on day March 24.

Then he told me to sign the affidavit, but I told him how can I sign something that I do not understand because it was written in English. Then he insisted a few times and asked me if I didn't trust in his writing. I told him that I do not understand the English language, how does he want me to sign something that I do not understand. Then I asked him for a copy, but he told me no at this time but later. I told him, how do I know that everything I have told you is the same there. Then he insisted for me to sign the affidavit, but I told him I was not going to sign it. He told me on Monday 26 of March he will call me back. Immediately I went to G-Unit and look for Mr. Pedro Persona which I used as translator. We talked to Officer Harris and told him everything that had

9.

happened at the interview with Officer William Oramas, and how much he insisted

for me to sign the affidavit. I told Mr. Harris that I did not sign the affidavit

because it was written in English and I do not understand it.  I also told Mr.

Harris that I have come to him for him to know that I did not sign the affidavit.

1.   NOTARY PUBLIC J. Rosello Case Manager attached to Civil Complaint as Exhibit.

State of Florida, Affidavit of Victor M. Torres, May 13, 2007.

   This affidavit is a pattern of harassment and stalking by P.A. Casteel during

month of May 2007.  Attached to complaint civil.  Exhibit 3.

2.   Affidavit by Inmate Luis Bonilla, #41724-083, April 4, 2007.

   Inmate Bonilla's sworn Affidavit consists of same pattern of medical assault

and abuse by P.A. Casteel as stated in Torres' complaint.  Attached to civil

complaint as Exhibit. 4.

3.   Affidavit by Inmate Joseph Peluso, #75524-004, April 9, 2007.

   Inmate Peluso's affidavit consists of same pattern of medical assault

and abuse by P.A. Casteel, as stated in Torres' complaint.  Attached to civil

complaint as Exhibit. 5.

4.   Statement made to me Plaintiff Torres.

   Inmate Shasko Karadzova, #57001-004, told me he was a victim to P.A.

Casteel.  This in accord with Lieutenant Rodriguez's statement to me.

5.   Inmate Request to Staff.

   To: S.I.S. Lt. K. Vaughan, March 17, 2007.  From: Victor Torres. Statement

of Incident Feb. 19, 2007, informing Vaughan of Mr. Casteel's actions.  Attached

to civil complaint as Exhibit. 6.

6.   June 13, 2007 (Letter From) United States Senator  Bill Nelson of Florida.

   To: Mr. Torres advising him they had received documents regarding sexual

assault by Corrections Officer and he is currently in touch with the Bureau of Prisons on Mr. Torres' behalf.  Attached to civil complaint as Exhibit. 7.

7.    April 26, 2007 (Letter From) United States Congresswoman Maria Diaz Balart. To: Harley G. Lappin, Director of Federal Bureau of Prisons advised Mr. Lappin of Inamte Torres' incident by correspondence and asking for his help.  Attached to civil complaint as Exhibit. 8.

8.    May 8, 2007 (Letter From) U.S. Congresswoman Maria Diaz Balart advising Mr. Torres of her contact with Washington, D.C. Central Office, Federal Bureau of Prisons.  Attached to civil complaint as Exhibit. 9.

9.    May 3, 2007 (Letter From) General Counsel - BOP, Kathleen M. Kenny, Assistant Director to: The Honorable Maria Diaz Balart, Member of U.S. House of Representatives advising knowledge of Torrest sexual assault and turning it over to the BOP Office of Internal Affairs for investigation. Attached to civil complaint as Exhibit. 10.

10.  FCI Miami (14 pages) of Medical Records re: Victor M. Torres, #44304-004, time line of sexual assault.  Attached to civil complaint as Exhibit. 11.

### AUTHORITIES AND ARGUMENTS

Bivens Action Analough Eighth U.S. Amendment.

Plaintiff, Victor Manuel Torres, #44304-004, DOB 11-14-1959, was a federal prisoner at FCI Miami the day of the incident on February 26, 2007. Mr. Torres was sentenced by the Honorable District Judge Ursula Ungaro-Benages, Case Number 950724-Cr-UUB on 11-22-1996 for cocaine conspiracy, 21 U.S.C. § 846, cocaine attempt 21 U.S.C. § 846 and 18 U.S.C. § 924(c) guns, release 10/02/2015. His lawyer was William Norris, Esq.  Sentenced at Federal Courthouse Sq., 301 N. Miami Avenue, Suite 150, Miami, Florida 33128.

See <u>Carson v. Green</u>, 446 U.S. 14 (1980); <u>McCollum v. Bolger</u>, 794 F.2d 602
(11th Cir. 1986). You can sue the individual federal employee for the acts or
omissions that violated your constitutional rights. Federal inmate can sue in a
<u>Bivens</u> action. <u>Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics</u>,
403 U.S. 388, 390-91 (1971). Inmates wishing to file a <u>Bivens</u> claim should also
be aware that in addition to seeking compensatory damages , an inmate can also
ask for punitive damages.

Protection From Assault - Eighth Amendment.

The Eighth Amendment requires prison officials to protect prisoners from
violence. <u>Farmer v. Brennan</u>, 511 U.S. 825 (1994).

> "Being violently assaulted in prison is simply not part of the
> penalty that criminal offenders pay for their offenses against
> society". <u>Id</u>. at 834.

It was made clear by Dr. DE-Jesus, that a sexual triple assault on inmates
is the norm and custom of Doctors examining inmates at FCI Miami as was the
case in P.A. Casteel's assault on inmate Torres. Lieutenant Rodriguez already
knew once I told him what had happened, he told the Plaintiff "that Casteel does
that with the purpose to avoid inmates to visit medical too often. Some inmates
know and no one does anything about it." Refer to inmate affidavits attached.

See <u>Pamela Smith v. Don Cochran</u>, 339 F.3d 1205 (10th Cir. 2003) Former
state inmate filed 1983 suit alleging sexual excessive forced multiple sexual
assaults by corrections officer, with such malice sufficient to implicate
Eighth Amendment. The Eighth Amendment is the proper vehicle for evaluating
excessive force claims involving prisoners.

Sexual abuse of a prisoner by a corrections officer has no legitimate
penological purpose and is simply not a part of the penalty that criminal
offenders pay for their offenses against society. U.S.C.A. Const. Amendment
Eight.

12.

Smith met her burden of showing that the violation of her 8th Amendment right was clearly established in Harrington, 268 F.3d at 1186. "The alleged unlawfullness of the defendant's conduct must be apparent in light of pre-existing law." Armijou Wagon Mound Public Schools, 159 F.3d 1253, 1260 (10th Cir. 1998). "The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. A Plaintiff may meet the burden of making this showing by pointing to 'a Supreme Court opinion on point' . However, we do not require plaintiff's to produce a factual identical case, but allow some degree of generality in factual correspondence."

Plaintiff Torres in this instant case does provide an original case of events and has gone out of his way to prove his case through factual correspondence to: U.S. Congress Representative Maria Diaz-Balart of Florida, U.S. Senator Bill Nelson of Florida and all other interested parties named and presented in this case.

Defendant Casteel is a sadistic assailant when it it is common to perform "triple forced sexual anal assaults" on inmates and have staff members, Warden Pastrana and Director Lappin also acting as if this practice is an everyday accepted medical practice at FCI Miami or in Lappin's part a national event.

This is the first time an acknowledged forced sexual assault by prison officials, under Color of United States Law, is shown to Congress and Senators and other public entities as a common practice and the assailant, P.A. Casteel, is not placed in chains.

P.A. Casteel is still on duty at FCI Miami , thanks to the Defendants, Warden Pastrana and Director Lappin. In this case it must be a solid showing of support by a sociopathic employee Bureau of Prisons Union.

13.

Patmore v. Carlson, 392 F.Supp 737 (1975).

Prisoner brought civil rights action against prison officials, upon exceptional circumstances, for a claim of medical mistreatment to rise to constitutional proportion, and showing of potential or real substantial harm. 8th Amendment.

Prisoner's claim that he was struck with a club by one prison official, knocked to the floor, and repeatedly alleged conduct which would shock the conscience or be considered brutal and thus alleged deprivation of rights granted under the Fifth and Eighth Amendment of the United States Constitution sufficient to give court federal question jurisdiction. 28 U.S.C. § 1331, U.S.C.A. Constitutional Amendments 5 and 8.

Federal prisoner in Marion Federal Penitentiary filed suit under 28 U.S.C. § 1331, alleging defendants, Director of Federal Bureau of Prisons and Warden violated his rights: (1) that he suffered cruel and unusual punishment by the defendants for a year. (2) the club assault and continued assault by corrections supervisor was attempted murder. And, (3) that he had been denied proper medical care and safekeeping and he was subjected to physical and mental harassment. And finally, (4) that defendants are guilty of contributory negligence.

Court agreed that some of Plaintiff's allegations against defendants would shock the conscience or be considered brutal. This held in Sheffey v. Greer, 391 F.3d 1044 (1975). That such deprivation of a federal right under 42 U.S.C. § 1983. This show holds that such conduct in a prison raises a claim of deprivation of a federal right under 28 U.S.C. § 1331 and under the logic of Bivens, sufficient for Plaintiff to sue for damages in federal court.

The attack on Plaintiff Torres did not end the day of the incident. It continued and involved defendants consisting of hostile staff members of FCI Miama, the Warden and Bureau of Prisons Director Lappin. The months preceding

14.

the sexual attack subjected Plaintiff to physical and mental harassment.  Anyone associated with the incident might even fear for their lives.  A military conscience mind was in effect so if you were not with the established sect, you were a traitor in the mind of the U.S. BOP employees.

Plaintiff Torres' Eighth Amendment rights continued to be violated until he has a trial by jury.

This was an alarming sexual assault that shocked the conscience. Where were "the red flags"?  Each attack P.A. Casteel demands, "DO YOU LIKE IT VICTOR?  DO YOU LIKE IT VICTOR?"  Humiliating and degrading in itself.  The blood, the gore, the pain, in such a vicious attack.  To a man who understands little or no English?  An insult in any language when a medical professional is shoving and forcing a finger into a swollen, painful anus or any other body cavity and demands at result of pain.  A sexual assault in the medical profession in or out of prison is an insult.  The private sector may demand a hanging.  A federal inmate must rely on a federal judge as a juror and demand a trial by jury.

### RIGHT TO MEDICAL CARE

Inmates in state and federal institutions have sought redress in the federal court system for medical treatment they have received and failed to receive. Complaints about medical treatment have included claims about allegations of total denial of medical care, improper medical care, inadequate medical care, and conduct of prison officials attendant to medical care.

The power of the federal courts to adjudicate an inmate's complaint about medical treatment requires that a federal right be involved in the medical treatment. 42 U.S.C. § 1983.  The inmate must allege the presence of a federally protected right.  Several of those rights: (1) Right to due process of law under the Fifth and Fourteenth Amendments.  The due process right has been couched in

terms of the inmate's right to be free from an abuse of discretion on the part

of prison administrators; Nickolson v. Choctaw County, Alabama, 498 F.Supp. 295

(S.D. Ala. 1980.  (2) Right to be free from infliction of cruel and unusual

punishment as guaranteed by the Eighth Amendment. Estelle v. Gamble, 429 U.S.

97 (1976).  Violation of Eighth Amendment rights have been found when there is

an intentional denial of needed medical care, or when a prison official's

conduct indicates deliberate indifference to the medical needs of inmates.

Eleventh Circuit federal court established medical needs of its prisons.  See

401 F.Supp. 835 (M.D. Fla. 1975). Id. at 898; see Brown v. Beck, 481 F.Supp.

723 (S.D. Ga. 1980).

The most compelling due process evidence may rest in the Medical Records

(attached to Complaint as Exhibit 11) 5th U.S.C.A..

With B.O.P. Administrators and Executive Branch having access to such

critical evidence should have expelled any doubt that Plaintiff was truthful of

the incident and failure to dislodge defendant Casteel from his medical position

at FCI Miami only hampers any authority of integrity by Warden Pastrana and B.O.P.

Director Harley G. Lappin.

There was no sign of discretion on the part of the prison administrators.

They acted like a clan and stood behind defendant Casteel even though they had

prior knowledge of assaults on inmates by Casteel, "the assault on plaintiff

Torres" and the continuing sexual anal assaults on exhibited inmates are out-

rageously known and the practice a pattern.  These sexual attacks by Physician's

Assistant when conceived as a medical practice is intent to harm inmates to

scare them from coming to Health Services for needed medical care. This intent

to harm inmate Torres and inflict pain is in fact a denial of medical care and

a deliberate indifferent conduct by a medical officer, one being defendant P.A.

16.

Casteel.  Violations of Torres' Fifth and Eighth Amendment to the United States Constitution is ripe with medical standards for state and federal inmates within jurisdiction of the United States Eleventh Circuit Court of Appeals.

18 U.S.C. § 2340 Conspiracy to Torture.

5 U.S.C. § 552 Freedom of Information.

5 U.S.C. § 552 Privacy Act.

Warden Jorge L. Pastrano, defendant, responded to Administrative Remedy dated May 15, 2007, #457658-F1 reference a staff member has sexually abused and humiliated you, have been referred for an official investigation. Warden Pastrana admits to denying Plaintiff access to investigation in violation of Plaintiff's rights under 5 U.S.C. § 552 FOIA and PA.  This denial is seen  as a coverup and in violation of criminal statute 18 U.S.C. § 2340 conspiracy to torture. Harley G. Lappin, Director of the Federal Bureau of Prisons, and also defendant, concurred with Warden Pastrana's findings.

The actions by P.A. Casteel were especially heinous, cruel or depraved conduct of torture or serious abuse to Plaintiff.  U.S. v. Chauthadava, 230 F.3d 1237-1261-62.  See 18 U.S.C. § 2340.

### CONCLUSION

Plaintiff sues defendants for violations of ihs Eighth and Fifth Amendment rights and demands a full and complete investigation documented and executed with full authority of law.

WHEREFORE, plaintiff demands following relief, jointly and severally against all defendants.  1) A declaratory judgement that the policies, practices and acts complained of herein are illegal and unconstitutional.  2) A preliminary and permanent injunction preventing the defendant from employing defendant P.A. Gary Casteel in any capacity where he would practice medicine.  3) Compensatory

damages for Plaintiff, Victor M. Torres, in the amount of one million, five hundred thousand dollars ($1.500,000.00).  4) Compensatory damages for Plaintiff, Victor M. Torres, in the amount of one million, five hundred thousand dollars ($1,500,000.00).  And, 5) Such other and further relief as this Court may deem appropriate, including costs and reasonable attorney fees.

A JURY TRIAL IS HEREBY DEMANDED.                Respectfully submitted,

_TORRES Victor_
Victor M. Torres, pro se
Reg. No. 44304-004
Federal Correctional Inst.
1900 Simler Avenue
Big Spring, TX  79720

18 U.S.C. § 1621 & 28 U.S.C. § 1746
Dated this 4 day of Oct , 2008.

18.

Federal Bureau of Prisons

Central Office Administrative Remedy Appeal

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: __VICTOR M. TORRES__        __44304-004__        __G__        _Miami FCI_
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A—REASON FOR APPEAL**   THIS IS AN ADMINISTRATIVE REMEDY APPEAL TO THE CENTRAL

OFFICE FROM THE REGIONAL DIRECTOR'S AUGUST 15, 2007 DENIAL OF

MY REQUEST FOR ADMINISTRATIVE REMEDY APPEAL.  IN SUPPORT THEREOF

I RESPECTFULLY SUBMIT AS FOLLOWS

    THAT IN HIS RESPONSE, THE REGIONAL DIRECTOR STATES THAT A

REVIEW OF MY COMPLAINT REVEALS THAT MY CLAIMS (WHICH HE CALLED

ALLEGATIONS) WERE BEING INVESTIGATED BY THE APPROPRIATE INVESTIGATIVE

AUTHORITIES AND THAT THE INVESTIGATION WILL BE CONDUCTED IN ACCORDANCE

WITH THE NATIONAL POLICY.  HOWEVER, THE REGIONAL DIRECTOR CLAIMED

__SEPTEMBER 1, 2007   SEE ATTACHMENT__        _TORRES Victor_
      DATE        SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED

SEP 1 2 2007

Administrative Remedy Section
Federal Bureau of Prisons

RECEIVED

NOV 20 2007

WARDEN'S OFFICE - FCI MIAMI

RECEIVED

3 0 2007

OFFICE - FCI MIAMI

---

_____        _____
      DATE        GENERAL COUNSEL

                                    CASE NUMBER: _457658 -A_

ORIGINAL: RETURN TO INMATE
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**Part C—RECEIPT**

                                      CASE NUMBER: _____

Return to: _____        _____        _____        _____
         LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        _____        BP-23
      DATE        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL        APRIL 15
USP LVN        Previous editions not usable

ATTACHMENT

THAT I WILL NOT BE PRIVY TO THE INFORMATION, FINDINGS, OR OUTCOME OF THE INVESTIGATION.

IT SHOULD BE NOTED THAT IF I AM NOT PRIVY OF THE INFORMATION, FINDINGS OR OUTCOME OF THE INVESTIGATION, THEN HOW CAN I BE SURE THAT AN INVESTIGATION IS BEING CONDUCTED AND/OR WHAT ACTIONS (IF ANY) ARE BEING TAKEN AGAINST THE PERPETRATOR STAFF? I NEED THAT INFORMATION IN ORDER TO PRESENT THE SAME TO THE UNITED STATED DISTRICT COURT (VIA COMPLAINT UNDER 28 U.S.C. §1331) AND/OR THE INTERNAL AFFAIRS REPRESENTATIVE ASSIGNED TO INVESTIGATE THE CASE, WITH AN AFFIDAVIT SUPPORTING OR DISPUTING CERTAIN FACTS AND/OR FINDINGS MADE BY BUREAU OF PRISONS STAFF MEMBERS INVESTIGATING THE INCIDENT.

BASED ON THE ABOVE MENTIONED FACTS, I NOW VERY RESPECTFULLY REQUEST FOR THE GENERAL COUNSEL TO CAREFULLY REVIEW THIS CASE AND REVERSE THE SAME BACK TO THE WARDEN WITH INSTRUCTIONS TO PROVIDE ME WITH ALL RELEVANT INFORMATION CONCERNING MY COMPLAINT. I FURTHER ASK THAT THE GENERAL COUNSEL DIRECT STAFF, BOTH AT THE INSTITUTIONAL AND REGIONAL LEVEL, NOT TO RETALIATE AGAINST ME FOR BRINGING THIS COMPLAINT VIA THE ADMINISTRATIVE REMEDY PROCESS. I FURTHER REQUEST FOR ANY OTHER RELIEF THE GENERAL COUNSEL MAY DEEM APPROPRIATE.

*Torres Victor*

VICTOR M. TORRES

RECEIVED

2 0 2007

WARDEN'S OFF

**Administrative Remedy No. 457658-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal in which you allege that on February 26, 2007, you were sexually abused by an FCI Miami staff member.  You request to be provided with all relevant information concerning your complaint.

Staff conduct is governed by Bureau of Prisons' Program Statement 3420.09, <u>Standards of Employee Conduct</u>.  The Bureau of Prisons takes allegations of staff misconduct seriously.  You have been informed that your allegations were referred for investigation to the appropriate authorities.  Inmates have no entitlement to the outcome or disposition of an investigation into staff misconduct.  We concur with the responses provided and find them appropriate.

This response is provided for informational purposes only.

_November 9, 2007_
_____
Date

_H. Watts_
_____
Harrell Watts, Administrator
National Inmate Appeals

Type or use ball-point pen.  If attachments are needed, submit four copies.  One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __Torres Victor M.__      __44304-004__      __Gator__      __F.C.I. Miami__
      LAST NAME. FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

**Part A—REASON FOR APPEAL**

Officer G. Casteel P.A. Repeatedly penetrated forcefully and viciously with his finger in my anus with intent to abuse, humiliate, harass and degrade me. Asking me "DO YOU LIKE IT VICTOR, DO YOU LIKE IT" on the 26 day of February 2007.

I requested that the **PROPER** authorities (US ATTORNEY; FBI, etc.) are notified in order to state in detail the entire incident; to inform them of other (inmates) who have been sexual abused in the same way by officer G. Casteel. This is not an isolated incident. In short my request was/is that **the proper authorities press charges against officer G. Casteel for sexual abuse.**

__07/08/07__             *Victor M Torres*
DATE                         SIGNATURE OF REQUESTER

**Part B—RESPONSE**

_____            _____
DATE                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE           CASE NUMBER: _____

**Part C—RECEIPT**

                                  CASE NUMBER: _____

Return to: _____
          LAST NAME. FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

_____            _____

USP LVN    DATE                SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
APRIL 1982

Regional Administrative Remedy Appeal No. 457658-R1
Part B - Response

This is in response to your Regional Administrative Remedy Appeal receipted
July 13, 2007. You allege a staff member at the Federal Correctional Institution (FCI) in
Miami, Florida, sexually abused you.

A review of this matter reveals your allegations are being investigated by the
appropriate investigative authorities. This investigation will be conducted in accordance
with national policy. Allegations of staff misconduct are taken seriously, and staff are
bound by standards of employee conduct. However, you will not be privy to the
information, findings, or outcome of the investigation.

Accordingly, this response to your Regional Administrative Remedy Appeal is for
informational purposes only. If dissatisfied with this response, you may appeal to the
Office of General Counsel, Bureau of Prisons, 320 First Street, NW, Washington, D.C.
20534. Your appeal must be received in the Office of General Counsel within 30
calendar days of the date of this response.


_____8/13/07_____
Date

_____
Regional Director, SERO

U.S. DEPARTMENT OF JUSTICE       **REQUEST FOR ADMINISTRATIVE REMEDY**

. Federal Bureau of Prisons

---

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Torres Victor M. | 44304-004 | Gator | F.C.I. Miami |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A– INMATE REQUEST**

    Officer G. Casteel P.A. repeatedly penetrated forcefully and vicrously with his finger in my anus with intent to abuse, humiliate, harass and degrade. Asking me "DO YOU LIKE IT VICTOR, DO YOU LIKE IT" on the 26 day of Feb. 2007.

    I requested that the PROPER authorites (F.B.I. etc.) are notified in order to state in detail the entire incident; to inform them of other (inmates) who have been sexual abused in the same way by officer G. Casteel. This is not an isolated incident. In short my request was/is that **the proper authorites press charges against officer G. Casteel for sexual abuse.**

| 05/15/07 | *Victor M Torres* |
|---|---|
| DATE | SIGNATURE OF REQUESTER |

**Part B– RESPONSE**

> RECEIVED
>
> JUN 2 6 2007
>
> WARDEN'S OFFICE - FCI MIAMI

| | |
|---|---|
| DATE | WARDEN OR REGIONAL DIRECTOR |

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE       CASE NUMBER: 457658-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____

| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|---|

SUBJECT: _____

| | |
|---|---|
| DATE | RECIPIENT'S SIGNATURE (STAFF MEMBER) |

BP–229(13)
APRIL 1982

USP LVN

**REQUEST FOR ADMINISTRATIVE REMEDY**
**MIA-457658-F1**

**Part B-RESPONSE**

This is in response to your Request for Administrative Remedy dated May 15, 2007, wherein you allege a staff member has sexually abused and humiliated you.

Your allegations have been referred for official investigation. However, due to the Freedom of Information Act, 5 U.S.C. 552, and The Privacy Act, 5 U.S.C 552, , the specifics of this investigation will not be revealed to you.

Therefore, this response is for informational purposes only.

If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.

6-28-07
Date

Jorge L. Pastrana, Warden

Attachment A

## Administrative Remedy - Informal Resolution
## Miami, Florida

Inmate's Name: _Victor M Torres_   Reg. No. _44304-004_   Unit: _G_   Date: _3/14/07_

NOTICE:   You are advised that prior to filing a Request for Administrative Remedy [BP(9)], you **MUST** attempt to informally resolve your complaint through your counselor.  Please follow the three (3) steps listed below.

1.  State your specific complaint: _In short, Officer G. Castizel, P.A. repeatedly penetrated forcefully and viciously with his finger(s) my anal with intent to abuse, humiliate, harass and disregard me, on the 26th Day of February 2007._

    _SPECIAL ATTN: The above-entitled inmate is not functionally literate and will need assistance henceforward!_

2.  State what efforts you have made to informally resolve your complaint: _None is warrented given the nature of the incident._

3.  State what resolution you request: _The proper authorites were notified in order to state, in details, the entire incident. Not to mention, inform them of other (inmates) who have been sexually abused in the same way by officer Castizel; and to press charges against officer Castizel for sexual abuse. (See, Special Attn._

    Inmate's Signature: _TORRES Victor_   Date: _3/14/07_

4.  Correctional Counselor's Comments (Steps to Resolve): _Inmate wishes to proceed with a B.P. 9. Inmate was informed of the 8 1/2_

    Counselor's Signature: _G Blackman_   Date: _3/14/07_

    Unit Manager's Review: _____   Date: _6/2/07_

Staff Action  —  **MUST BE COMPLETED**

___  Not Acted on - State Reason on Comments.
___  Informally Resolved - Copy Administrative Remedy File·
_✓_  No Informal Resolution
___  If UDC, Date Form Returned to Inmate: _____
     Unit Team: _____   Incident Report Number: _____

| | Received by Counselor from inmate | E-mailed to effected Dept. Head | Received e-mail response from Dept. Head | Attempted informal resolution with inmate by Counselor | BP(9) given to inmate | BP(9) Delivered to Administrative Remedy Clerk |
|---|---|---|---|---|---|---|
| Date | 3/14/07 | 3/15/07 | 4/05/07 | 5/14/07 | 5/15/07 | 5/15/07 |
| Time | 2 pm | 4 pm | 1 pm | 1 pm | 10 pm | 3 pm |
| Counselor | AB | AB | AB | AB | AB | AB |

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| TO: (Name and Title of Staff Member) Warden Pastrann | DATE: 3/19/07 |
|---|---|
| FROM: Victor M. Torres | REGISTER NO.: 44304-004 |
| WORK ASSIGNMENT: Unicor | UNIT: G |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

I was sexually abused by officer
G. Castree (. See Attachment. Thus,
I request that the proper authorities
are notified to press charges anynnist
said officer.

Thank You.

CC United States District Judge
Ungaro Benages

(Do not write below this line)

DISPOSITION:

_____          _____
Signature Staff Member                Date

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)          This form replaces BP-148.070 dated Oct 86
                                               and BP-S148.070 APR 94

STATE OF FLORIDA)
          ) SS. AFFIDAVIT OF VICTOR M. TORRES.
COUNTY OF DADE  )

    I Victor M. Torres, being first duly sworn, hereby state that the information
contained in the following paragraphs is true and correct.

### FCI MIAMI, FEBRUARY 19, 2007

    This is a recount of the facts that happened. On Day 19 of February, 2007.
I noticed in my feces an amount of blood that was increasing on a daily basis,
which on Friday February 23, I saw a great amount of blood and I was frightened.

    Immediately I asked an inmate from the Unit, called Otto Valdez, to help me as
a translator with Officer A. Harris, which was in the unit.

    Once the Officer saw the situation, he immediately called P.A. Garcia. He told
the Officer, he was sending me to him, I immediately went. When I arrived to P.A.
Garcia, I asked him what was my situation? Why was I bleeding so much, and his
answer to me was to attend sick call the following Monday. I told him I was bleed-
ing to much and he said there was nothing that he could do. I returned to the unit
and Officer Harris asked me what had happened? I related the same answer that P.A.
Garcia had said. "To wait until Monday 26, Febuary and go to sick call." Officer
Harris told me to notify the lieutenant but I did not.

    On February 24, I kept bleeding the same as on February 23. The following day
February 25, I noticed that the bleeding was to much and immediately I decided to
talk to Officer Mendez, she spoke both languages, English and Spanish. I told her
I was bleeding to much from my anus and I had few days already bleeding. Immediate-
ly she called P.A. Maria LaHorra, and the Officer told me that P.A. LaHorra said,
I must go to sick call on Monday 26 of February. Officer Mendez told me that she
as an Officer had complied with calling the P.A. and that she can not do anything
more. On Monday February 26, at 6:30 a.m. I went to sick call. I was the first
one in line, because the bleeding was so much, the P.A. who attended me was Ms.
Rivas. I explained to her my situation that had been happening with me and she
gave me a medical appointment for the same day at 9:00 a.m.

### "THE RETURN"

    At 9:00 a.m. when I returned to the hospital, P.A. Casteel was on duty.
With me was inmate Alexander Garay who speaks both languages English and Spanish.
I told him everything that had happened to me, and I asked him a favor, to translate
for me because P.A. Casteel was going from the sick call area to the hospital area.
Inmate Garay asked P.A. Casteel to please attend to me and explained to him about
my bleeding, P.A. Casteel answer was "if he need's help, to help himself by calling
the government, I am going to attend to a few people, and everybody else is going
to have a new medial appointment."

    Right at that moment Officer Irrizary was passing by and we comment to him the
situation, and he told me to talk with the duty officer, or the Lieutenant, we did
that. I went to talk to Lieutenant McField, who was coming from the kitchen area
to the lieutenant's Office, at that time, inmate Garay explained to him my situation.

Immediately he called P.A. Casteel and sent me back to P.A. Casteel.

When we got there, P.A. Casteel asked us for our I.D. Card and he told us that we were out of bounds, then inmate Garay went back to the lieutenant's office to explain to him the problem, and I went out and sat at the wall where the people make sick call.

About three minutes later P.A. Casteel told me to follow him into the emergency room. When we got in, he closed the door, and he started insulting me, telling me I was a lying Jewish preacher that spoke no truth but lies, that I was the devil. After he had verbally humiliated me, he ordered me to pull down my pants and underwear. I saw him take a little bag, opened and placed it on top of the counter. I saw him put on some glove, he ordered me to bend over and he penetrated one of his fingers very hard in my anus, moving and turning his finger, right at that moment I complained to him and I removed his hand because it was too painful for me to hold it, I saw his glove was full of blood and he laughed at it, and thuough it into the trash can. Then I saw him with another glove and I asked him what are you doing doctor? He ordered me again to bend over and I did, he then penetrated his finger again and this time, it was more painful than before, I felt that he was hurting me, I removed his hand from me and I asked again what are you doing doctor? I saw his glove full of blood again, then he removed it from his hand and through it into the trash can. Then I saw him with another glove and he told me to bend over again, I asked him what's happening? But he told me to bend over, I followed his order even though I was in pain, I bent over again, this time he stuck his finger so hard that I could not hold it and I had to remove his hand again, I asked him why was he doing this to me? That it was not right, and his answer was, "DO YOU LIKE IT VICTOR?" "DO YOU LIKE IT VICTOR?" Then he told me to put on my pants and to wait outside. After that he went to look for Dr. Monserrate and told me to follow him and took me into a cell at 9:30 a.m. at 3:50 p.m. they took me to the outside hospital without eating all day.

On February 26, 2007 at 4:44 p.m. I was at the hospital until February 28, 2007. On February 28, I was brought back to prison at night, when I arrived to prison P.A. Garcia ordered a medical idle for me on Thursday the 1st and Friday the 2nd. of March, 2007. I was feeling alot of pain and also dizzy. I also started telling prison authorities about what happened with P.A. Casteel, in which I was a victim of sexual abuse, also authority abuse by P.A. Casteel.

On day 19 of March of year 2007, at 3:35 p.m. I was called by Officer Mendez, which she ordered me to present myself to the lieutenant's office, when I arrived I was asked if I could speak English, which my response was no. Five minutes later I was taken to Psychology office which I was personally interviewed by Dr. De-Jesus, which I related all my events that happened with Mr. P.A. Casteel.

During the interview with Dr. De-Jesus she told me Mr. Casteel, could do what he did three times, because he is a Doctor. I responded that wasn't the way a Doctor would have done it; and the comment that Mr. Casteel said to me. "DO YOU LIKE VICTOR? DO YOU LIKE IT VICTOR?" The Doctor's answer was that there was no camera and it was my word against his, and they were going to believe him because he was a Doctor and since he is a staff of the institution, it was possible to be put in confinement, it was a possibility that it could happen. I responded I am the victim, and for speaking the truth they would put someone in confinement. In the unites there are posted notices for when someone is sexually abused, to inform the authorities of the institution. That's what I did.

Lieutenant Boom told me that he was going to lock my medical files for the days of Febuary 26, 27, and 28, 2007. To have them as evidence in case of another incident similar with other inmates. The lieutenant insisted for me to leave everything like it was and don't do anything and remain silent.

I notified the lieutenant that the same thing that happened to me with Mr. Casteel had already happened to other inmates. Lieutenant Rodriguez already knew once and I told him what had happened, he told me that Casteel does that with the purpose to avoid inmates to visit the medic to often. Some inmates know and no one does anything about it. In that moment Dr. De-Jesus spoke to lieutenant Boom in English and asked me to step out the office for a moment. I stepped outside and waited in the benches in front of the building of Psychology.

At this moment Mr. Bradley the manager of G-Unit passed by and asked me why was I sitting there, my response to him was because I was with lieutenant Boom and Dr. De-Jesus, it was 4:10 p.m. Later at approximately 4:20 p.m. I was called to Psychology, and they told me to remain quiet and don't tell anyone, and there would be no further action against me. I asked them to write that in their own words and give it to me, but they didn't want to.

Written on this day June 7, 2007.


*Torres M Victor*

Victor M. Torres
Reg. No. 44304-004 Unit-G
FCI-Miami
P.O. Box 779800
Miami, Florida 33177


Notary Public

J. Rosello Case Manager,
Authorized by the Act of July 7, 1955
to Administer Caths ( 18 USC 4004 )

(3)

STATE OF FLORIDA )
                 )   SS. AFFIDAVIT OF VICTOR M. TORRES
COUNTY OF DADE   )

I Victor M. Torres, being first duty sworn, hereby state that the information contained in the following paragraphs is true and correct.

March, 24, 2007

In this same day at 12:10 p.m.  I heard by a loud speaker Victor Torres must present himself to G-Unit.

When I arrive to the unit, Officer Cunningham told me that I must present myself to the Lieutenant.   When I present myself to the lieutenant I told him that I was Victor Torres, and what do you need me for?  He told me that he was not the one who had call me and that he didn't know who did, maybe it could be the yard officer.  When we were talking officer William Orama from S.I.S. told me that he wanted to talk to me, and to follow him.  We went into an office to the right hand of the lieutenant office, then he told me that he did not have any tape recorder or any microphone, and he wanted to ask about what already had happened with P.A. Casteel. That's no problem because I was ready to tell him everything that had happened.

We started the interview at 12:30 p.m. until 3:20 p.m. on day March 24.

Then he told me to sign the affidavit, but I told him how can I sign something that I do not understand because it was written in English, then he insisted a few times and asked me if I didn't trust in his writing, I told him that I do not understand the English language, how dose he want me to sign something that I do not understand.  Then I asked him for a copy, but he told me no at this time but later. I told him, how do I know that everything I have told you is the same there, then he insisted for me to sign the affidavit, but I told him that I am not going to sign it.  He told me on Monday 26 of March he will call me back.  Immediately I went back to G-Unit and look for Mr. Pedro perona which I used as an translator, we talked to officer Harris and told him everything that had happened at the interview with officer William Oramas, and how much he insisted for me to sign the affidavit, I told Mr. Harris that I did not sign the affidavit because it was written in English and I do not understand it.  I also told Mr. Harris that I have come to him for him to know that I did not sign the affidavit.

_Torres 3 M Victor_

Victor M. Torres
Reg. No. 44304-004 Unit-G
FCI-Miami
P.O. Box 779800
Miami, Florida 33177

_____    J. Rosello Case Manager,
              Notary Public      Authorized by the Act of July 7, 1955
                                 to Administer Oaths ( 18 USC 4004 )

STATE OF FLORIDA )
                 )   SS. AFFIDAVIT OF VICTOR M. TORRES

I Victor M. Torres, being first duty sworn, hereby state that the information contained in the following paragraphs is true and correct.


I Victor Torres, make this report on May 13, 2007, at 6:25 p.m.  On the way to G-Unit from the Chapel by Psychology Department, I noticed that P.A. Casteel was coming my way, he stated to mention my name a few times, I payed no attention because I did not know his intention against me.  At the time I went to the lieutenant Rodriguez, he told me to make a cop-out and explain whatever had happen, I did it and gave it to him, and he told me that he was going to referre it to lieutenant Booms of S.I.S.

In the same month (05-27-07) at 8:05 a.m.  I was going to the yard from G-Unit when I heard from the pill-line window someone knocking hard repeatedly, it was P.A. Casteel again.  With me was inmate Adams who heard and saw P.A. Casteel's actions.  Immediately I went to report this incident to the lieutenants office. At that time was Mr. Bermudez, I took with me inmate Adams as a witness. Mr. Casteel always trys to confront me when he see's me by myself, but every time that he see's me with someone he turns his head and acts normal.  My preocupation is that he knows that I had reported him to the authorities for his abusive actions against me when he assaulted me, sticking his finger repeatedly into my anus.


_Torres Victor Jr_

Victor M. Torres
Reg. No. 44304-004 Unit-G
FCI-Miami
P.O. Box 779800
Miami, Florida 33177


_____
Notary Public

**J. Rosello Case Manager,**
**Authorized by the Act of July 7, 1955**
**to Administer Oaths ( 18 USC 4004 )**

<u>TO WHOM IT MAY CONCERN</u>

This are the facts of what occurred to the undersigned with P.S. Casteel.  I, out of my own free will and under the penalty of perjury declare as follows:

1. That my name is Luis Bonilla, Reg. No. 41724-083, F unit, of legal age and currently incarcerated at Miami FCI.

2. That a couple of months ago, while attending a sick call appointment I was seen by P.A. Casteel.  I was urinating blood and after asking me some questions he told me to take off my pants and underwear and he introduced his finger in my anus.  This was done in a very unprofessional way and it hurt a lot.

3. We had an argument concerning his professionalism in treating patients with a complete disregard for our medical needs and in a very calculated and malicious way with the express intention of causing bodily harm and in an unappropriate fashion.

4. That I told him that I would report this incident to Washington  to which he responded: "Bonilla, some times we have bad days".  He had locked me in a room after we had the argument.

5. I saw P.A. Maria Lahorra and I told her what had happened to which she responded that he could do that.  I have not been back to the hospital since that day.  I felt that I was uncomfortable going back to the hospital again even though I have been sick afterwards but was afraid I had to deal with him again.

6. This P.A. Casteel has a pattern of cruelty, degrading and unprofessional treatment of prison inmates where his incompetence has been documented in more than an isolated incident.  His attitude is hostile and goes against what P.A. In Federal Medical Facilities should stand for.

I declare under the penalty of perjury that this is the truth and nothing but the truth so help me God.

_____                              Reg. No.   41724-083
LUIS BONILLA

U.S. DEPARTMENT OF JUSTICE *Retaliation 6 days still* FEDERAL BUREAU OF
PRISONS *Warden sept.*

| TO:(Name and Title of Staff Member) Jorge L. Pastrana, Warden | DATE: April 9th, 2007 |
|---|---|
| FROM: Joseph Peluso | REGISTER NO.: #75524-004 |
| WORK ASSIGNMENT: Construction II | UNIT: "A" |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

The "Informal Resolution" adminstrative remedy process is being obstructed by the adminstrations failure to respond to my complaint. On March 8th, 2007, I've brought to the attention of the adminstration, an extremely significant complaint concerning PA Gary Csteel's "Endangerment" to inmates. 30 days have passed and hence, it is now April 8th, 2007 and I have yet to receive a response. Therefore, please respond to the original complaint. Thank you for your anticipated cooperation regarding this matter.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                  **FEDERAL BUREAU OF PRISONS**

| TO:(Name and Title of Staff Member)<br>SIS LT. K. VAUGHAN | DATE:<br>Mar 17-07 |
|---|---|
| FROM:<br>Victor Torres | REGISTER NO.:<br>44304-004 |
| WORK ASSIGNMENT:<br>Unicor | UNIT:<br>Gator |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.)

On Feb 19 using the toillet I noticed that i was passing blood from my Rectum. Since then this problem has continued each time more severly. Friday the 23 their was an extrem amount of blood, for this reason I decided to inform the officer on duty ( E, Harris ), and to have him to call the P.A. for me (Garcia) I was told by Garcia to return at sick call on Monday . The bleeding continued so I was forced to call the PA on Sunday the 25th. and I was told the same, came back on Monday the 26th. my apointment was with A. Casteel, who speaks very little spanish. to be of help I called another inmate explained my problem to serve as interpreter, when the inmate explained what my problem was, out of nowhere Mr. Casteel stated to him if you want to colaborate call the Government. Whit this we left the hospital area and went to the Leutenant's office. after speeking with the Leiutenant, the leutenant personally called and told Mr. Casteel that he was to attend me.

(Do not write below this line)

DISPOSITION:

| Signature Staff Member | Date |
|---|---|
| | |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94


Printed on Recycled Paper



# United States Senate
WASHINGTON, DC 20510–0905

BILL NELSON
FLORIDA

June 13, 2007

Mr. Victor M. Torres
Federal Correctional Institution
44304-004
Post Office Box 779800 Unit G
Miami, Florida 33177

Dear Mr. Torres:

Thank you for contacting my office regarding your allegation of sexual assault by a corrections officer. I appreciate being made aware of your concerns and will be pleased to look into this matter.

Currently, I am in touch with the Bureau of Prisons on your behalf. As soon as I have a response, I will share the results with you.

Again, thank you for contacting my office. I want you to know that as your U.S. Senator from Florida, I welcome the opportunity to serve you. If I can assist you with any other matter, please do not hesitate to let me know.

Sincerely,

Bill Nelson

BN/cb

MARIO DIAZ-BALART
25TH DISTRICT, FLORIDA

BUDGET COMMITTEE
TRANSPORTATION AND
INFRASTRUCTURE COMMITTEE
SCIENCE AND
TECHNOLOGY COMMITTEE
ASSISTANT WHIP
MEMBER, REPUBLICAN
HOUSE POLICY COMMITTEE

### Congress of the United States
### House of Representatives
#### Washington, DC 20515–0925

328 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225–2778
FAX: (202) 226–0346

DISTRICT OFFICES:
12851 S.W. 42ND STREET
SUITE 131
MIAMI, FL 33175
(305) 225–6866
FAX: (305) 225–7432

4715 GOLDEN GATE PARKWAY
SUITE ONE
NAPLES, FL 34116
(239) 348–1620
FAX: (239) 348–3569

April 26, 2007

□ **COPY**

Mr. Harley G. Lappin, Director
Federal Bureau of Prisons
320 First Street, N.W. Room 654
Washington, D.C. 20534

Dear Mr. Lappin:

Enclosed is a copy of correspondence I have received from Victor Torres (Inmate # 44304-004).

I believe you will find the letter self-explanatory.

I would appreciate it if you would review the enclosed letter and provide me with any information that may be helpful to Mr. Torres. Please respond to Mrs. Rosa Hernandez, Outreach Coordinator, as she is handling this matter for me. I am grateful for any assistance you may be able to provide in this matter.

Sincerely,

Mario Diaz-Balart
Member of Congress

MDB:rh

MARIO DIAZ-BALART
25TH DISTRICT, FLORIDA

BUDGET COMMITTEE

TRANSPORTATION AND
INFRASTRUCTURE COMMITTEE

SCIENCE AND
TECHNOLOGY COMMITTEE

ASSISTANT WHIP

MEMBER, REPUBLICAN
HOUSE POLICY COMMITTEE

### Congress of the United States
### House of Representatives
### Washington, DC 20515-0925

328 CANNON HOUSE OFFICE BUILDING
WASHINGTON, DC 20515
(202) 225-2778
FAX: (202) 226-0346

DISTRICT OFFICES:

12851 S.W. 42ND STREET
SUITE 131
MIAMI, FL 33175
(305) 225-6866
FAX: (305) 225-7432

4715 GOLDEN GATE PARKWAY
SUITE ONE
NAPLES, FL 34116
(239) 348-1620
FAX: (239) 348-3569

May 8th , 2007

Mr. Victor M. Torres
Reg. No. 44304-004
P.O. Box 779800 Unit-G
Federal Correctional Institution
Miami, Florida 33177

Dear Mr. Torres:

In response to my inquiry on your behalf, I have received the enclosed letter from the U.S. Department of Justice (Federal Bureau of Prisons).

I believe you will find the reply to be self-explanatory.

I appreciate the opportunity to be of service.  Please do not hesitate to contact me if I can be of further assistance.

Sincerely,

Mario Diaz-Balart
Member of Congress

MDB:rh

**U.S. Department of Justice**

Federal Bureau of Prisons

_____

*Washington, DC 20534*

May 3, 2007

The Honorable Mario Diaz-Balart
Member, U.S. House of Representatives
12851 S. W. 42nd Street, Suite 131
Miami, Florida  33175

Attention:  Rosa Hernandez

Dear Congressman Diaz-Balart:

     This is in response to your correspondence on behalf of
Victor Torres, who currently is incarcerated at the Federal
Correctional Institution (FCI) in Miami, Florida.  Mr. Torres
claims he was sexually assaulted by a staff member at FCI Miami.

     These allegations have been referred to the Bureau of
Prisons, Office of Internal Affairs, and will be investigated.
At the conclusion of the investigation, appropriate action will
be taken.

     I trust this information is responsive to your constituent's
concerns.

                              Sincerely,

                              *[signature]* for: John D.

                              Kathleen M. Kenney
                              Assistant Director/General Counsel

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

# Case No. _08-22961_____

# The attached hand-written document
# has been scanned and is also available in the SUPPLEMENTAL PAPER FILE

BEST POSSIBLE REPRODUCTION

## CHRONOLOGICAL RECORD OF MEDICAL CARE

**MEDICAL RECORD**

SYMPTONE, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (Sign each entry)

**DATE**

TORRES VICTOR    44304-004

2/26/07
8:
0645

**1. WHAT IS YOUR PROBLEM?**  TENGO PUECHO SANGRAMIENTO Y UN DOLOR EN LA CADERA NEVO @ DIA CON ESTO

**2. HISTORY OF MEDICAL PROBLEMS? (CHECK)**  ☐ DIABETES  ☐ HYPERTENSION
☐ CARDIAC DISEASE  ☐ IMMUNOCOMPROMISED  ☐ ASTHMA

**3. HISTORY OF MENTAL HEALTH PROBLEMS?**  ☐ YES  ☐ NO

**4. HOW LONG HAVE YOU HAD THIS PROBLEM?**  DAYS _____  MONTHS 2  YEARS _____

**5. ARE YOU ON ANY MEDICATION(S)?**

**6. SIGNATURE:** TORRES Victor    **DATE:** 2-26/07

### (DO NOT WRITE BELOW THIS LINE)
**TO BE COMPLETED BY TRIAGE PERSONNEL**

O: **DATE/TIME:** 2/26/07 - 0645

V/S (IF INDICATED)  B/P: 131/70  P: 57  R: 16  TEMP: 98.4

A: Rectal bleeding

P: **APPOINTMENT DATE/TIME:** 2/26/07 0900  **WITH:** MLP

**TRIAGE PERSONNEL'S SIGNATURE/NAME STAMP:**

ELENA RIVAS, RN.
FCI MIAMI

| HOSPITAL OR MEDICAL FACILITY | STATUS | DEPART./SERVICE | RECORDS MAINTAINED AT |
|---|---|---|---|
| SPONSOR'S NAME | SSN/ID NO. | RELATIONSHIP TO SPONSOR | |
| | | REGISTER NO. | WARD NO. |

**PATIENT'S IDENTIFICATION:** (For typed or written entries, give: Name - last, first, middle; ID No or SSN; Sex; Date of Birth; Rank/Grade.)

Torres Victor
44304-004

FCI / FPC MIAMI
15801 SW 137 TH AVE.
MIAMI, FLORIDA 33177

**CHRONOLOGICAL RECORD OF MEDICAL CARE**
Medical Record
STANDARD FORM 600 (REV. 6-97)
Prescribed by GSA/ICMR
FIRMR (41 CFR) 201-9.202-1



| DATE | SYMPTONS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION *(Sign each entry)* |
|------|--------|
| 2-26-07 | S) c/o *passing* blood in toilet for 5 days |
| CICC | O) 135/88  62  +++ blood in *stool* |
|  | *abd. soft* *no rebound tenderness*  5 ft 7 146/87 |
|  | A) rectal bleeding 1/2 hemorrhoid *int.*  septic 154/75 |
|  | P) *need* c/o control |
|  | E.MD  send to *leader* ER for eval. |

GARY OSTEEL, PA.
FCI MIAMI

L A R K I N   C O M M U N I T Y   H O S P I T A L
--------------------------------------------------
7031 S.W. 62nd Avenue, South Miami, Fl 33143   (305) 284-7500

ACCOUNT #: 0001                          LARKIN COMMUNITY HOSPITAL
                                         7031 SW 62 AVENUE

LAB ID #: 000491588
PATIENT NAME: TORRES, VICTOR MANUEL      PHYSICIAN: DEJEAN, JAN-MARIO
ADM. #: 223357      /523725               TECH ID: NS
ADM. DATE: 02/26/2007
ROOM: ER                                 DRAWN DATE: 02/26/2007
AGE/DOB: 47 11/04/1959   SEX: M            TIME: 17:40
TO BE REVIEWED BY PATHOLOGIST: _____

  *** S T A T ***          -------RESULT------
                           IN       OUT
   TEST                    RANGE    RANGE      FLAG   NORMAL-RANGE   UNITS
-----------------------------------------------------------------------------

   MISCELLANEOUS     Performed By: NS      Date Run:02/26/2007
   -------------
      *** Verified By:NS   Date Run:02/26/2007
   OCCULT BLOOD STOOL      POSITIVE                    - NEGATIVE


         ****FINAL REPORT**** Printed on:02/26/2007 Time:17:50:10

# ADMIT PHYSICIAN'S ORDERS

WRITE FIRMLY IN BLACK BALL POINT PEN. Unless check mark (✓) appears in column opposite an order, a brand name other than the one ordered may be used as per formulary policy.

**DO NOT Use the following abbreviations:**

| QD or q.d. | QOD or q.o.d. | U or u | IU or i.u. | MgSO4 | MS or MSO4 |
|---|---|---|---|---|---|

**Please Use:**

| Daily | Every other day | Units | International Units | Magnesium Sulfate | Morphine Sulfate |
|---|---|---|---|---|---|

| DATE | TIME | ✓ | Physicians' Orders and Signature | PHYSICIAN NOTIFICATION | TRANSCRIBED BY: |
|---|---|---|---|---|---|
| 2/26/07 1970 | | | ADMIT TO LARKIN COMMUNITY HOSPITAL UNDER THE CARE OF DR. Rabassa   Felendez | | |

ADMIT PATIENT PER CASE MANAGEMENT PROTOCOL:
☑ INPATIENT          ☐ OBSERVATION STATUS     Rey Soon

Diagnosis: GI Bleeding Lower Abdominal Pain

V/s: V/S q 6   180059

diet: NPO  1800158

Heplock & routine flushes

Consult Dr. Alberti Flor (GI) called

05 1/2 @ Protonix 40 PO Daily
D5 1/2 @ 100 ml/h -     1800199, 1800160

CBC, SMA 7, U PM

Dilaudid 1mg IM Q6 prn

T100 Alberti GI Rabassa

Verified c me

Clear liquid diet Tonite NPO
MN 180016, 1800162

Goly Flay 4 Liters over 4°

Colonoscopy consent

schedule for GI suite prn.

T100 Albert, - Flor

Verified c me

| THIS MUST BE FILLED IN WITH FIRST ORDER | ➡ | HT: _____ | ALLERGIES: |
| | | WT: _____ | |

Torres, Victoria       SE3725   D   11/04/59
2/26/07   M   0418 INP   JE
RABASSA, CARLA C.
223357   313-B

313 B

# LARKIN COMMUNITY HOSPITAL
South Miami, Florida 33143

ADMIT PHYSICIAN'S ORDERS

④

# 3187 (10/06)

## MULTIDISCIPLINARY PROGRESS NOTES

| DATE | TIME | ALL ENTRIES MUST BE DATED, TIMED AND SIGNED |
|------|------|---------------------------------------------|
| 2/26/07 | 2030 | Received from ER via stretcher c̄ Dx of GI Bleeding. Lower ABD pain. B/P 149/95, P53, R20, T97° illness pain @ present time. Call light reviewed, pt. verbalized understanding. Golytely started now. Consent signed per pt in chart. Check list started. Admitted by |
| 2/27/07 | 0015 | BM x 3. Will continue to monitor pt closely. ———— Admitted by |





**L A R K I N**
**C O M M U N I T Y**
**H O S P I T A L**
South Miami, Florida 33143

**MULTIDISCIPLINARY PROGRESS NOTES**

PATIENT IDENTIFICATION 11/04/59
, VICTOR MANUEL
2/26/07   M  C47Y INP  JE
RABASSA, CARLA C.
223357    J13-B
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

110  (8/05)

LARKIN COMMUNITY HOSPITAL 7031 SW. 62nd Ave., South Miami, Florida 33143
MR#:   223357 INPATIENT ADMISSION:   2/26/07 20:02 BY: ADBH          PT#: 523725

TORRES, VICTOR MANUEL                          AGE: 047Y 11/04/59 SEX: M  RACE: B  MAR: S
15801 SW 137 AVE                               REL: JE  SRC: 7  MSV: INP  FC: D     AD.CAT: 01
MIAMI          FL    33178                     ROOM/BED: 03  313 B AC: S SMOKER: N  SPC HDL
305 259-2100  SSN: 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                 ATT DR :08560 RABASSA, CARLA C.
MAIDEN:                                        ATT TEL:(305) 262-9900

NEAREST RELATIVE:          EMPLOYER NAME:           EMERGENCY CONTACT:
FEDERAL CORRECTIONAL INST                            FEDERAL CORRECTIONAL INST
15801 SW 137 AVE                                    15801 SW 137 AVE
MIAMI          FL                                   MIAMI          FL
33178                                               33178
305 259-2100  PT REL: 07                            305 259-2100  PT REL: 07

GUARANTOR#:   57253  SSN: 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       GUARANTOR EMPLOYER:       TREATMENT AUTH:
FEDERAL CORRECTIONAL, INSTITUTE
DADE CORRECTIONAL                           33 NE 4TH STREET
MIAMI          FL                           MIAMI          FL    33132
800 729-7053  PT REL 07

ADMITTING DIAGNOSIS:                        REPRINTED:   2/26/07  20:25 BY: ADBH
GASTRO INTESTINAL BLEEDING, ABDOMINAL PAIN

INS # 1: CO: 996   FEDERAL CORRECTIONAL   PLAN:  1   FCI-INPATIENT
SUBSCRIBER: FEDERAL CORRECTIONAL    REL: 07   GROUP:
ID#: 44304004           CONTRACT:              TYPE:
ADDRESS: FEDERAL CORRECTIONAL INST  15801 S.W.137 AVENUE
         MIAMI          FL 33177-1297  305 259-2182

INS # 2: CO:                        PLAN:
SUBSCRIBER:                    REL:     GROUP:
ID#:                   CONTRACT:              TYPE:
ADDRESS:
                       00000-0000  000

INS # 3: CO:                        PLAN:
SUBSCRIBER:                    REL:     GROUP:
ID#:                   CONTRACT:              TYPE:
ADDRESS:
                       00000-0000  000

COMMENTS:      POWER OF ATTORNEY  NONE          LIVING WILL  NONE

----------------------------------------------------------------------

PRINCIPAL & SECONDARY DIAGNOSIS                                    CODES

PROCEDURES & OPERATIONS

⑥

## MULTIDISCIPLINARY PROGRESS NOTES

| DATE | TIME | ALL ENTRIES MUST BE DATED, TIMED AND SIGNED |
|------|------|---------------------------------------------|
| 2/26/07 | 2030 | Received from ER via stretcher c̄ Dx of GI Bleeding. Lower ABD pain. B/P 149/95, P 53, R 20, T 97°. Denies pain @ present time. Call light reviewed, pt. verbalized understanding. GoLytely started now. Consent signed & part in chart. Check list started. Adruntt |
| 2/27/07 | 0015 | BM x 3. Will continue to monitor pt. closely. ————————— Adruntt RN |



# L A R K I N
### C O M M U N I T Y
# H O S P I T A L
South Miami, Florida 33143

**MULTIDISCIPLINARY PROGRESS NOTES**

110 (8/05)

PATIENT IDENTIFICATION 11/04/59
..., VICTOR MANUEL
2/26/07  M  047Y INP  JE
RABASSA, CARLA C.
223357     313-B
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



## PHYSICIAN'S ORDERS CONTINUATION

WRITE FIRMLY IN BLACK BALL POINT PEN. Unless check mark (✓) appears in column opposite an order, a brand name other than the one ordered may be used as per formulary policy.

| DO NOT Use the following abbreviations: | | | | | |
|---|---|---|---|---|---|
| QD or q.d. | QOD or q.o.d. | U or u | IU or I.u. | MgSO4 | MS or MSO4 |

| Please Use: | | | | | |
|---|---|---|---|---|---|
| Daily | Every other day | Units | International Units | Magnesium Sulfate | Morphine Sulfate |

| DATE | TIME | ✓ | Physicians' Orders and Signature | PHYSICIAN NOTIFICATION | TRANSCRIBED BY: |
|---|---|---|---|---|---|
| 2/27/07 | 11³⁵ | | Ok to Discharge pt back to facility To Dr Rabassa / Calderon | | |
| 2-27-07 | | | M___ RN 15°° p— | | |

| THIS MUST BE FILLED IN WITH FIRST ORDER ➤ | HT: | ALLERGIES: | |
|---|---|---|---|
| | WT: | | |

523725      U    11/04/57
TORRES, VICTOR MANUEL
2/16/07   M  GYLY INP   JE
RABASSA, CARLA C.
         311-B



**L A R K I N**
**C O M M U N I T Y**
**H O S P I T A L**
South Miami, Florida 33143

### PHYSICIAN'S ORDERS CONTINUATION

SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (sign each entry)

## MEDICATION RECONCILIATION & ORDER FORM (refer to medication reconciliation instructions):

LIST ALL OF THE PATIENT'S MEDICATIONS PRIOR TO ADMISSION INCLUDING OTC AND ALTERNATIVE MEDICATIONS

ALTERNATIVE MEDICATIONS WILL NOT BE CONTINUED ON ADMISSION PER BOP POLICY

NEW MEDICATIONS OR MEDICATION CHANGES SHOULD BE WRITTEN IN THE APPROPRIATE SECTION BELOW

Source of Medication List (check all that apply): ☐ SF-659    ☑ Patient History/Interview

☐ Patient Medication List    ☐ non-BOP Medical Records    ☐ Patient medication list/Rx Bottles

☑ Discharge Summary    ☐ non-BOP pharmacy/physician/hospital consult    ☐ Other _____

(Initiate release of information request as appropriate)

☐ Check here if this is an addendum to or revision of a previously completed medication reconciliation list

| MEDICATION NAME (WRITE LEGIBLY) | DOSE (mg, mcg) | ROUTE (PO, SC, IV) | FREQUENCY | LAST DOSE (DATE/TIME) | ACTION* | | |
|---|---|---|---|---|---|---|---|
| 1. Anusol HC cream apply | | Oti rectal area #1 | | | (C) | S | DC |
| 2. Metamucil (fiber) 1 tsp or spoon | | | twice daily #1 | | C | S | DC |
| 3. | | | | | C | S | DC |
| 4. | | | | | C | S | DC |
| 5. | | | | | C | S | DC |
| 6. | | | | | C | S | DC |
| 7. | | | | | C | S | DC |
| 8. | | | | | C | S | DC |
| 9. | | | | | C | S | DC |
| 10. | | | | | C | S | DC |
| 11. | | | | | C | S | DC |

*Circle the appropriate selection: C = continue (serves as medication order); S = discontinue & substitute w/ below order;

DC = discontinue (not medically necessary, per policy, or referred to commissary). Document reason for DC orders and link

all S orders with appropriate new order

## NEW MEDICATION ORDERS (continue on new SF-600 if necessary):

Repeating Liver U/S + work-up for Hepatitis B & alfafetoprotein

F/up 4-6 weeks

Signature Nurse Pogosyan (RN):

Signature Physician:

⑨

Date 2/27/07  Time 1000

Mode of Admission: ☐ AMB  ☑ W/C

B/P 115/55  P 52  R 16  T 96.6

Informed Consent Completed? ☑ Yes  ☐ No

**SIGNIFICANT MEDICAL DIAGNOSIS AND CONDITIONS:**

☐ In Good Health  ☐ Edema
☐ Hypertension  ☐ Asthma
☐ Diabetes  ☑ Hepatitis B
☐ Pulmonary  ☐ Kidney Disease
☐ Glaucoma  ☐ Cancer
☐ Heart Problem  ☑ Other _Lipid disorder_

Current Pregnancy Status (if scheduled with X-ray) ___

Primary Physician _Patricia Carter_

Pertinent Medical/Surgical History _lipid_

**PSYCHOSOCIAL/EMOTIONAL STATUS/HX**

☑ Calm  ☐ Depressed  ☐ Anxious  ☐ Angry  ☐ Crying
☐ Fearful  ☐ Emotional Illness  ☐ Well Supported  ☐ Social
☑ Coping  ☐ Solitary  ☐ Asocial  ☐ Not Coping  ☐ Mental Illness

**SKIN**

☑ Warm  ☐ Dry  ☐ Pink  ☐ Pale
☐ Cool  ☐ Jaundice  ☐ Cyanotic  ☐ Diaphoretic

**ABDOMEN**

☑ Soft  ☐ Firm  ☐ Flat  ☐ Distended  ☐ Tenderness
☐ Round  NPO since _midnight_

☑ Awake / Oriented / Cooperative  ☐ Non-Responsive  ☐ Disoriented
☑ Side Rails Up  ☐ Responsive  ☐ Sedated  ☐ Combative
☐ Sg. Locked  Finished

_Time out before procedure_

| DATE | TIME ARRIVAL | TIME STARTED | TIME COMPLETED |
|---|---|---|---|
| 2/27/07 | 101.0 | 1015 | 1055 |

Nurse's Notes: _Received pt., identified_
_allergies verified, placed_
_on monitor, VS taken as_
_ability. Pt. displays away_
_b. did about the procedure_
_Dr. Quiew medication ty_
_tolerated procedure_

Nurse's Signature _Nielli Willson_

IV Absorbed: 60 CC  ☐ May Discharge When Criteria Met.

Allergies: ☑ NKDA

Valuables ___

Disposition ___

Dentures ☐ Removed ☐ N/A
Partials ☐ Removed ☐ N/A
Loose Teeth ☐ Removed ☐ N/A
Contact Lens ☐ Removed ☑ N/A
Hearing Aid ☐ Removed ☑ N/A
Prosthesis ☐ Removed ☑ N/A
Location of Prosthesis ___

**SOCIAL HISTORY**

Smoking ☐ Yes ☑ No
Cigarettes-Amount ☑ N/A
Pipe-Amount ☑ N/A
Cigars-Amount ☑ N/A
Alcohol-Amount _quit_ Denies
Social Drugs (Denies)

_Pain - ø_
_abuse - ø_
_Infection - Hepatitis B_
_Nutrition - fair_

**CURRENT MEDICATIONS** ☑ See MAR

| Name | Dose | Last Dose |
|---|---|---|
| | | |
| | | |
| | | |

IV Solution _L R_  Needle _18 g_  Site _Lt Wrist_
Started By ___  Time ___  Prep. Used ___

**PRE-OP MEDICATIONS** ☐ See MAR

Care Plan Completed (Time) ___
Prep Completed (Time) ___
Pre-Op Teaching Completed (Time) ___
Pre-Proced. Nurse's Signature _Claire J. Lopez_
Data Collected By _Claire J. Lopez_  D-50
☑ History & Physical Completed
Patient ID: ☐ Verbal ☑ ID Band
☐ Consent Signed

**INTRAPROCEDURE** _Colonoscopy - GI Bleeding_

Specimen _x 4_

Clotest: ___ Washing: ___ Brushings: ___

Photograph Taken? ☐ Yes ☐ No ☐ NO
Cautery Pad Placement: ☐ Right Hip ☐ Left Hip
Settings: Cut: ___ Coag ___

Report Given to: _Nat. Lopez RN_

PATIENT IDENTIFICATION
33349  11/04/59
TORRES, VICTOR MANUEL
1110707  M  G47Y INP  JE
CARTER, CARLA C.
3157  313-B
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

**L A R K I N**
C O M M U N I T Y
**H O S P I T A L**
South Miami, Florida 33143

PRE-ENDOSCOPY ASSESSMENT INTRAOPERATIVE

1067  (08/05)

(10)

Date _____ 2/27/07 _____ Time _____

Endoscopist / M.D. _____

Indications: _____

*[handwritten] insert si by*

*[handwritten] Sye to cecu*

*[handwritten] Jnt + external hemcy*

Procedure Performed _____

Specimen _____

Finding _____

Impressions ___

Recommendatio

Physician Signat



## ENDOSCOPY PROCEDURE REPORT

**L A R K I N**
C O M M U N I T Y
**H O S P I T A L**
South Miami, Florida 33143

066  (08/05)



## CHRONOLOGICAL RECORD OF MEDICAL CARE

**LTH RECORD** | SYMPTOMS, DIAGNOSIS, TREATMENT, TREATING ORGANIZATION (sign each entry)

ATE 2/07 2:90

**INTAKE SCREENING & MEDICATION RECONCILIATION**

**RECEIVED AT FCI/FPC MIAMI**

(CIRCLE ONE):  NEW  TRANSFER  WRIT RETURN  PAROLE VIOLATOR  ⟨HOSPITAL RETURN⟩

CARE LEVEL: ⟨LEVEL 1⟩  LEVEL 2  LEVEL 3  LEVEL 4

LAST PPD: _N/A_  RESULT: _N/A_  DUE FOR ANNUAL PPD? YES ⟨NO⟩

IF PPD POSITIVE: INH TREATMENT DOCUMENTED? YES  NO  ⟨N/A⟩

DATE OF MOST RECENT CXR: _N/A_

**ALLERGIES:**

**PAIN MANAGEMENT:**

DO YOU SUFFER CHRONIC PAIN?  YES  ⟨NO⟩  TYPE:

PAIN LEVEL: ⟨0⟩ 1  2  3  4  5  6  7  8  9  10  PAIN MEDICATION: YES / ⟨NO⟩

FOOD HANDLER EXAMINATION  YES / ⟨NO⟩

S- REQUIRES FOOD HANDLER EXAMINATION

O- INTESTINAL INFECTION: YES / ⟨NO⟩  PRIOR TREATMENT FOR TB? YES / ⟨NO⟩

CHEST CLEAR ⟨YES⟩ / NO  PPD CURRENT ⟨YES⟩ / NO  SKIN CLEAR ⟨YES⟩ / NO

HAVE YOU EVER HAD A COUGH FOR MORE THAN 2 WEEKS? YES / ⟨NO⟩

ARE YOU COUGHING UP BLOOD? YES / ⟨NO⟩  FEBRILE: YES / ⟨NO⟩

DO YOU FREQUENT FEVERS OR NIGHT SWEATS? YES / ⟨NO⟩

A- COMMUNICABLE DISEASE: YES / ⟨NO⟩

P- CLEARED FOR FOOD SERVICE: YES / ⟨NO⟩

**SEE BACK FOR MEDICATION RECONCILIATION & ORDERS**

**FCI/FPC-MIAMI**

**15801 SW 137th Avenue**

**Miami, Florida**

**33177**

RECORDS MAINTAINED AT ▶

PATIENT'S NAME (Last, First, Middle Initial) _Torres, Victor_  | SEX

RELATIONSHIP TO SPONSOR  | STATUS  | RANK/GRADE

SPONSOR'S NAME  | ORGANIZATION

DEPART./SERVICE  | SSN/IDENTIFICATION NO. _44304-004_  | DATE OF BIRTH

CHRONOLOGICAL RECORD OF MEDICAL CARE

STANDARD FORM 600 (REV. 5-84)
Prescribed by GSA and ICMR
FIRMR (41 CFR) 201-45.505



## PHYSICIAN'S ORDERS CONTINUATION

WRITE FIRMLY IN BLACK BALL POINT PEN. Unless check mark (✓) appears in column opposite an order, a brand name other than the one ordered may be used as per formulary policy.

DO NOT Use the following abbreviations:

| QD or q.d. | QOD or q.o.d. | U or u | IU or i.u. | MgSO4 | MS or MSO4 |
|---|---|---|---|---|---|

Please Use:

| Daily | Every other day | Units | International Units | Magnesium Sulfate | Morphine Sulfate |
|---|---|---|---|---|---|

| DATE | TIME | ✓ | Physicians' Orders and Signature | PHYSICIAN NOTIFICATION | TRANSCRIBED BY |
|---|---|---|---|---|---|
| 2/27/07 11:10 AM | | | ① apo x 1 - m new on c̄ regular diet #1800493 | | |
| | | | ② OK to discharge back to FCI today Rx Anusol HC cream bid fiber / metamucel bid & po fluids | #1800496 #1800049 | |
| Noted 02/07 2/27/07 12:10 1:10 pm | | | ① as outpatient → pt needs U/S liver (H B s Ag Hepatit c antibody) alfafeto protein ② U/S one 2/15 c̄ me in 4-6 wks | | |

| THIS MUST BE FILLED IN WITH FIRST ORDER | HT: ___ WT: ___ | ALLERGIES: | | S23725      D    11/04/59 TORRES, VICTOR MANUEL 2/26/07   M   0477 INP   JE RABASSA, CARLA C. 33357   313-8 |

**L A R K I N**
**COMMUNITY**
**H O S P I T A L**
South Miami, Florida 33143

**PHYSICIAN'S ORDERS CONTINUATION**

⑬

**CONSULTATION REPORT**

Request for consultation _____
Physician                                    Dept.

Please see patient _____
Name of Patient

Reason for request _____

Date ___ 2/27/07 ___   Signed _____ M.D.
Name of Attending Physician

Report of Consultation    47 yo B ( edunission) PR descendant who is admitted c̄ 10d hx of fresh rectal bleed. some mild wt and disconf —
no N/V.
no dysphagia. no heartburn. —
no reflux —

PMhx. hx hepatt B. —
no PUD no transf.
allergy — none
ETOH ∅   smoker ∅.
fam hx — unremarkable —

W/D W/N alert NAD non icteric non pale.
BP 110/70
lungs clear heart (nl)
abd. benign / 6pts non tender
non distended no masses no ascit
no organo no hernia
wbc 4800 Hb 13.7   bili 1.8 rest OK
PT 12.3   Occult blood (+).

A. lower gi bleed / h/o ftcs / hemms / reg
v̄ colonoscopy — will need eval x hep B.
Thank you                Signed _____ M.D.

Date _____



PATIENT IDENTIFICATION
TORRES, VICTOR MANUEL
2/26/07  M  047Y INP
RABASSA, CARLA C.
273357   313-B
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

**L A R K I N**
C O M M U N I T Y
**H O S P I T A L**
South Miami, Florida 33143

**CONSULTATION REPORT**

