```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE NO. 08-22961-CIV-COOKE
                                   MAGISTRATE JUDGE P. A. WHITE


VICTOR M. TORRES,                  :

     Plaintiff,                    :

v.                                 :
                                        PRELIMINARY REPORT
GARY CASTEEL, ET AL.,              :    OF MAGISTRATE JUDGE

     Defendants.                   :
_____
```

I.  Introduction

The plaintiff Victor M. Torres, a federal prisoner confined at the Federal Correctional Institution in Big Spring, Texas, has filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)[1] concerning

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights.  In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right.  Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution.  "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981).  Thus, courts generally apply §1983 law to Bivens cases.  Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

events that transpired while he was confined at FCI-Miami.  The plaintiff is proceeding <u>in forma pauperis</u>.[2] [DE# 7].

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding <u>in forma pauperis</u>.

II.  <u>Analysis</u>

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

> Sec. 1915 Proceedings in Forma Pauperis
>
> *   *   *
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> *   *   *
>
> (B) the action or appeal –
>
> *   *   *
>
> (i)  is frivolous or malicious;

---

[2] The plaintiff has submitted proof that he paid the initial partial filing fee of $46.01. [DE# 9].

>       (ii) fails to state a claim on which relief may be granted; or
>
>       (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

3

The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The plaintiff names as defendants FCI-Miami Physician's Assistant Gary Casteel; FCI-Miami Warden Jorge Pastrana; Harley G. Lappin, Director of the Federal Bureau of Prisons; and the United States of America.  The plaintiff states that starting on February 19, 2007 he noticed blood in his feces, that increased each day. On February 23, 2007 there was a large amount of blood.  He was seen by a physician's assistant and told to attend sick call on Monday, February 26, 2007.  On Sunday, he was bleeding and an officer called a physician assistant, who told the officer to have the plaintiff fo to sick call the next morning.  The plaintiff went to sick call on February 26, 2007.  Casteel initially was reluctant to attend to the plaintiff.  The plaintiff then details how Casteel

allegedly began to verbally humiliate him (such as calling him the devil) and then roughly, repeatedly penetrated his anus and laughed at the plaintiff's blood and pain.  The plaintiff alleges that Casteel violated his Eighth Amendment rights when he "repeatedly penetrated forcefully and viciously with his finger in my anus with intent to abuse, humiliate, harass and degrade me asking me, 'Do you like it Victor? Do you like it?'" The plaintiff was taken to an outside hospital later that day.  The plaintiff further provides some details concerning an apparent BOP investigation into Casteel's actions.  He claims that "Warden Pastrana and Director Lappin also acting as if this practice (Casteel's sexual assaults on inmates) is an everyday accepted medical practice at FCI Miami or in Lappin's part of a national event . . . P.A. Casteel is till on duty at FCI Miami, thanks to the Defendants, Warden Pastrana and Director Lappin.  In this case it must be a solid showing of support by a sociopathic employee . . ."  The plaintiff states that he requested that federal law enforcement agencies investigate this incident and other incidents in which Casteel had sexually abused inmates, and he claims that Pastrana had prior knowledge of Casteel's sexual abuse of inmates.  The plaintiff seeks monetary damages and other relief.

     The Eleventh Circuit has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. <u>Boxer X v. Harris</u>, 437 F.3d 1107, 1111 (11 Cir. 2006) (citations omitted). "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." <u>Id.</u> (citation and quotation omitted).  The Eleventh Circuit concluded that there is an objective component of the Eighth Amendment inquiry, which requires that the injury be "objectively, sufficiently serious," and a

5

subjective component, which requires the prison official have a "sufficiently culpable state of mind." Id. (citations omitted). However, an injury can be "objectively, sufficiently serious" only if there is more than de minimis injury. Id. (citing Johnson v. Breeden, 280 F.3d 1308, 1321 (11 Cir. 2002)).

The plaintiff has raised sufficient facts under the Twombly or any heightened pleading standard so that an Eighth Amendment claim should proceed beyond this initial screening against the defendant Casteel.[3] The plaintiff alleges that Casteel intentionally inflicted physical and mental pain by forcefully penetrating his anus with his finger and making sexual remarks.

The plaintiff has failed to raise any cognizable constitutional claims against Pastrana or Lappin. The gravamen of the plaintiff claim against these supervisory defendants is that they failed to protect him from harm by Defendant Casteel. To establish a constitutional claim of failure to protect the plaintiff must present facts to show (1) an objectively substantial risk to the plaintiff and awareness of these facts on the part of the defendants; (2) that the defendants drew the subjective inference from known facts that a substantial risk of serious harm existed; and (3) that the defendants responded in an objectively

---

[3] Because the plaintiff has raised a claim which may be analyzed under the Eighth Amendment, the Court need not construe this complaint as arising under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843 (1998) (citations omitted). In the instant case, the plaintiff's claims of excessive force and sexual assault are covered by the Eighth Amendment, rendering a substantive due process analysis inappropriate. See Brown v. Smith, 813 F.2d 1187, 1188 (11 Cir.1987) (holding that the Due Process clause of the Fourteenth Amendment affords a convicted prisoner no greater protection from excessive force by prison officials than the Eighth Amendment).

unreasonable manner. The known risk of injury must be "a strong likelihood, rather than a mere possibility" before a prison official's failure to act can constitute deliberate indifference. In determining subjective knowledge, the court must inquire whether the defendants were aware of a "particularized threat or fear felt by [the plaintiff]." Carter v. Galloway, 352 F.3d 1346, 1347 n. 1 (11 Cir.2003) (citation omitted).

Despite the boilerplate language, the plaintiff presents no facts to indicate that either Pastrana or Lappin had any actual knowledge that Casteel was a danger to inmates.  In fact, the plaintiff states that when he filed complaints locally and nationally he was informed that his claims of sexual abuse would be investigated, and he provides details about an investigation. Even construing the alleged facts liberally, they are insufficient to state a claim that Defendants Pastrana or Lappin were subjectively aware that a substantial risk of serious physical harm to the plaintiff existed.

### III.  Conclusion

Based on the foregoing, it is recommended that:

1.  The Complaint proceed against the defendant Casteel, in his individual capacity.

2.  The defendants Pastrana, Lappin and United States of America (which is not a proper party in a Bivens action) be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 23rd day of February, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Victor M. Torres, Pro Se
     Reg. No. 44304-004
     Federal Correctional Institution-Big Spring
     1900 Simlar Avenue
     Big Spring, TX 79720