```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 08-22961-CIV-COOKE
                              MAGISTRATE JUDGE P. A. WHITE
```

VICTOR M. TORRES,                     :

    Plaintiff,                        :

v.                                    :
                                                                         REPORT OF
GARY CASTEEL, ET AL.,                 :    MAGISTRATE JUDGE

    Defendants.                       :
_____

I.   Introduction

This Cause is before the Court upon the defendant Casteel's Motion to Dismiss. [DE# 21].

The plaintiff Victor M. Torres, a federal prisoner confined at the Federal Correctional Institution in Big Spring, Texas, filed a pro se civil rights complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971)[1] concerning events

---

[1] Under certain circumstances, federal officials, or those acting under color of federal law, may be sued for the deprivation of federal constitutional rights. In Bivens, the Supreme Court established that victims of a constitutional violation by a federal official may recover damages against that official in federal court despite the absence of any statute conferring such right. Such action is brought pursuant to 28 U.S.C. §1331 and the applicable provisions of the United States Constitution. "The effect of Bivens was, in essence, to create a remedy against federal officers, acting under color of federal law, that was analogous to the section 1983 action against state officials." Dean v. Gladney, 621 F.2d 1331, 1336 (5 Cir. 1980), cert. denied sub nom. Dean v. County of Brazoria, 450 U.S. 983 (1981). Thus, courts generally apply §1983 law to Bivens cases. Abella v. Rubino, 63 F.3d 1063, 1065 (11 Cir. 1995).

(continued...)

that transpired while he was confined at FCI-Miami. The plaintiff is proceeding <u>in forma pauperis</u>.[2] [DE# 7].

The plaintiff names as defendants FCI-Miami Physician's Assistant Gary Casteel; FCI-Miami Warden Jorge Pastrana; Harley G. Lappin, Director of the Federal Bureau of Prisons; and the United States of America. [DE# 1]. The plaintiff raises the following factual allegations. Starting on February 19, 2007 he noticed blood in his feces and the amount of blood increased each day. On February 23, 2007 there was a large amount of blood. He was seen by a physician's assistant and told to attend sick call on Monday, February 26, 2007. On Sunday, he was bleeding and an officer called a physician assistant, who told the officer to have the plaintiff go to sick call the next morning. The plaintiff went to sick call on February 26, 2007. Casteel initially was reluctant to attend to the plaintiff. The plaintiff then details how Casteel allegedly began to verbally humiliate him (such as calling him the devil) and then roughly, repeatedly penetrated his anus and laughed at the plaintiff's blood and pain. The plaintiff alleges that Casteel violated his Eighth Amendment rights when he "repeatedly penetrated forcefully and viciously with his finger in my anus with intent to abuse, humiliate, harass and degrade me asking me, 'Do you like it Victor? Do you like it?'" The plaintiff was taken to an outside hospital later that day. The plaintiff further provides some details concerning an apparent BOP investigation into Casteel's actions. He claims that "Warden Pastrana and Director Lappin also acting as if this practice (Casteel's sexual assaults on inmates) is an everyday accepted medical practice at FCI Miami

---

[1](...continued)

[2] The plaintiff has submitted proof that he paid the initial partial filing fee of $46.01. [DE# 9].

or in Lappin's part of a national event . . . P.A. Casteel is till on duty at FCI Miami, thanks to the Defendants, Warden Pastrana and Director Lappin.  In this case it must be a solid showing of support by a sociopathic employee . . ."  The plaintiff states that he requested that federal law enforcement agencies investigate this incident and other incidents in which Casteel had sexually abused inmates, and he claims that Pastrana had prior knowledge of Casteel's sexual abuse of inmates.  The plaintiff seeks monetary damages and other relief.

The Undersigned issued a Report recommending that the Complaint proceed against the defendant Casteel on a claim of violation of the plaintiff's Eighth Amendment rights, and the remaining defendants be dismissed as parties to this civil action. [DE# 12].  The Honorable Marcia G. Cooke has issued an Order adopting the recommendations of the Report. [DE# 25].

The remaining defendant Casteel has filed a Motion to Dismiss and Memorandum in support [DE#'s 21, 22] arguing that he is entitled to qualified immunity because the plaintiff has failed to state a constitutional claim.  The defendant does not address whether the constitutional right at issue was clearly established.

## II.  Analysis

The rules of pleading require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Additionally, the rules of pleading allow a defendant to file a motion asserting a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).  On a motion to dismiss for failure to state a claim upon which relief can be

3

granted, the Court must view the complaint in the light most favorable to the plaintiff. Hill v. White, 321 F.3d 1334, 1335 (11 Cir. 2003). Thus, "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89 (2007). The pleadings of a pro se litigant are to be liberally construed and held to a less stringent standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520-521 (1972).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009)(citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id.

On a motion to dismiss, "the qualified immunity inquiry and the Rule 12(b)(6) standard become intertwined." GJR Invs., Inc. v.

4

County of Escambia, Fla., 132 F.3d 1359, 1366 (11 Cir. 1998). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Saucier v. Katz, 533 U.S. 194, 200 (2001) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). The purpose of this immunity is to allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, Lee v. Ferraro, 284 F.3d 1188, 1194 (11 Cir. 2002) (citing Anderson v. Creighton, 483 U.S. 635, 638 (1987)), and it shields from suit "all but the plainly incompetent or one who is knowingly violating the federal law." Lee, supra, 284 F.3d at 1194 (quoting Willingham v. Loughnan, 261 F.3d 1178, 1187 (11 Cir. 2001)). Since qualified immunity is a defense not only from personal liability for government officials sued in their individual capacities, but also a defense from suit, it is important for the Court to determine the validity of a qualified immunity defense as early in the lawsuit as is possible. Lee v. Ferraro, supra, at 1194; GJR Invs., 132 F.3d at 1370.

Generally, government officials performing discretionary functions are protected by qualified immunity if their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).

In Saucier, supra, the Supreme Court set forth a two-part test for evaluating a claim of qualified immunity. As a "threshold question," a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Lee, supra at 1194 (quoting Saucier, 533 U.S. 194, 201); and then, if a constitutional right would have been violated under the *plaintiff's* version of the facts, the court must then determine "whether the

5

right was clearly established." Lee, supra, 284 F.3d at 1194 (quoting Saucier, supra). This second inquiry "must be undertaken in light of the specific context of the case, not as a broad general proposition." Id.; see also Marsh v. Butler County, 268 F.3d 1014, 1031-33 (11 Cir. 2001) (en banc).

The Saucier test is no longer mandatory, it is to be used as a guideline when appropriate. See Pearson, et al., v. Callahan, ___ U.S. ___ (Case No. 07-751, January 21, 2009).

The plaintiff claims that he is the victim of a "violent sexual assault" by defendant Casteel. [DE# 1 at 3]. The plaintiff describes the events as follows:

> P. A. Casteel told me to follow him into the emergency room.  When  we got in, he closed the door, and he started insulting me, telling me I was a lying Jewish preacher that spoke no truth but lies.  That I was the devil.  After he had verbally humiliated me, he ordered me to pull down my pants and underwear.  I saw him take a little bag, open it and placed it on top of the counter.  I saw him put on some gloves, he ordered me to bend over and he penetrated one of his fingers very hard in my anus, moving and turning his finger, right at that moment I complained to him and I removed his hand because it was too painful for me to hold it.  I saw his glove was full of blood and he laughed at it and threw it into the trash can.  Then I saw him with another glove and I asked him what are you doing Doctor?  He ordered me again to bend over and I did.  He then penetrated his finger again and this time it was more painful than before.  I felt that he was hurting me, I removed his hand from me and I asked him again, what are you doing Doctor?  I saw his glove was full of blood again.  Then he removed it from his hand and threw it into the trash can.  Then I saw him with another glove and he told me to bend over. I followed his order even though I was in pain.  I bent over again, this time he stuck his finger in so hard that

>I could not hold it and I had to remove his hand again. I asked him why was he doing this to me? That this was not right. His answer was, "DO YOU LIKE IT VICTOR? DO YOU LIKE IT VICTOR?" Then he told me to put on my pants and to wait outside.

The defendant argues that the plaintiff fails to set forth facts to state a claim of an Eighth Amendment violation because he alleges no prior dealings with the defendant that would support an inference that Casteel intended to violate his rights; discomfort and pain is presumed during a rectal examination and there are no allegations that the rectal examination was an inappropriate response to respond to the complaint of rectal bleeding; courts have dismissed similar claims on facts more serious and egregious than alleged by the plaintiff; and the plaintiff fails to allege any specific injury or any injury that is sufficient to establish a constitutional violation.

The Eleventh Circuit has recognized that severe or repetitive sexual abuse of a prisoner by a prison official can violate the Eighth Amendment. Boxer X v. Harris, 437 F.3d 1107, 1111 (11 Cir. 2006) (citations omitted). "[S]exual abuse of a prisoner by a corrections officer has no legitimate penological purpose, and is simply not part of the penalty that criminal offenders pay for their offenses against society." Id. (citation and quotation omitted). The Eleventh Circuit concluded that there is an objective component of the Eighth Amendment inquiry, which requires that the injury be "objectively, sufficiently serious," and a subjective component, which requires the prison official have a "sufficiently culpable state of mind." Id. (citations omitted). However, an injury can be "objectively, sufficiently serious" only if there is more than de minimis injury. Id. (citing Johnson v. Breeden, 280 F.3d 1308, 1321 (11 Cir. 2002)).

7

The defendant argues that rectal examinations done in order to search for contraband or as part of a medical screening do not infringe on prisoners' constitutional rights, and the plaintiff fails to allege more than a <u>de minimis</u> injury. The defendant relies on an unpublished decision from a sister district court and two unpublished Circuit Court cases to support the argument that the plaintiff has raised insufficient facts to state a claim for relief.

In <u>Jones v. Polzin</u>, 2006 WL 2457396 (D. Minn. 2006), the Court granted the defendant's motion to dismiss the claim that the defendant had engaged in two minutes of forceful anal probing because the plaintiff had failed to allege facts in the form of medical opinion, and failed to raise factual allegations to support a claim of deliberate indifference. The Court found that it was not "obvious to a layperson that two minutes of forceful rectal probing, standing alone, would necessarily produce an adverse medical condition." In <u>Schrader v. Sandoval</u>, 1999 WL 1235234 (5 Cir. 1999), the Fifth Circuit ruled only that the defendant's actions were within the scope of his employment; it made no finding with regard to whether the plaintiff's rights were violated by an allegedly improper rectal examination.

In <u>Johnson v. Rush</u>, the Third Circuit vacated a dismissal of a complaint under Rule 12(b)(6) in which a prisoner alleged that the physician assistant "applied significant force in performing a rectal exam, and that [the defendant[3]] had a smirk on his face after [the plaintiff] complained of the pain. [The plaintiff's] fear of encountering [the defendant] at sick-call deterred him from seeking further treatment, thus allegedly leading to a denial of

---

[3] The opinion appears to have mistakenly characterized the claim as the plaintiff having the smirk.

8

medical care." The Court found that the district court had "overlooked the possibility of a prison medical official administering an appropriate exam in an inappropriate manner. Construing the complaint liberally, [the plaintiff] alleges that [the defendant] - wearing a smirk - knowingly inflicted pain on him during a medical exam, and in essence, committed an act of sexual abuse." Other courts have found that acts such as inserting a tube into a prisoner's anus may state a constitutional claim. See, e.g. Dockery v. Bass, 133 F.3d 926 (9 Cir. 1997).

While a prisoner/plaintiff certainly has a considerable hurdle to clear to state an Eighth Amendment claim of sexual abuse, the consideration of the legal issue is fact intensive and, in this case, the plaintiff has raised enough facts to survive the motion to dismiss. While the defendant relies on Johnson, in fact the Third Circuit vacated the district court's dismissal of the Eighth Amendment claim of alleged sexual abuse without permitting the plaintiff to amend, finding that it would not necessarily be futile to amend to raise facts to show that the defendant intended to cause harm, such as prior dealings. The Court used "prior dealings" as an example of a way to show intent but did not hold that the plaintiff had to show "prior dealings" to state a claim. In this case, the plaintiff does allege that the exam was inappropriate (e.g. "That wasn't the way a doctor would have done it" DE# 1 at 7) and he provides facts to show that Casteel did not want to perform the exam; Casteel has a history of performing painful exams to deter inmates from seeking medical care; and Casteel has a documented history of assaults on inmates.

Further, the Undersigned respectfully disagrees with the District of Minnesota's conclusion that a layperson would not conclude that two minutes of forceful rectal probing would cause

9

physical harm. The plaintiff's claim that Casteel forcefully inserted his finger into his anus three times, accompanied by strange comments and behavior, suffices to state a claim for relief in that an intent to harm may be presumed. While the defendant correctly states that discomfort and pain is presumed during a necessary and proper rectal examination, the plaintiff has alleged that Casteel did not do a proper exam, and his conduct and language supports the proposition that Casteel may have violated the plaintiff's Eighth Amendment rights by intentionally inflicting pain and sexual abuse. Although it may be determined that the plaintiff's injury was <u>de minimis</u>, as he does not clearly articulate how he suffered injury after the examination was concluded, at this stage of the proceedings, the Undersigned finds that the plaintiff has raised minimally sufficient facts to state a claim that he suffered a compensable physical injury at the time of the rectal examination.

The plaintiff has raised sufficient facts under the <u>Twombly</u> standard so that an Eighth Amendment claim should proceed against the defendant Casteel.[4] The question of whether the defendant may be entitled to qualified immunity cannot be determined at this time.

---

[4] Because the plaintiff has raised a claim which may be analyzed under the Eighth Amendment, the Court need not construe this complaint as arising under the rubric of substantive due process. <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 843 (1998) (citations omitted). In the instant case, the plaintiff's claims of excessive force and sexual assault are covered by the Eighth Amendment, rendering a substantive due process analysis inappropriate. <u>See</u> Brown v. Smith, 813 F.2d 1187, 1188 (11 Cir.1987) (holding that the Due Process clause of the Fourteenth Amendment affords a convicted prisoner no greater protection from excessive force by prison officials than the Eighth Amendment).

### III. Conclusion

Based on the foregoing, it is recommended that the Motion to Dismiss [DE# 21] be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

It is so recommended at Miami, Florida, this 1st day of July, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Victor M. Torres, Pro Se
     Reg. No. 44304-004
     Federal Correctional Institution-Big Spring
     1900 Simlar Avenue
     Big Spring, TX 79720

     Counsel of Record